65 Wn.2d 245 (1964)
396 P.2d 879
ERNEST E. WILLIAMSON, Appellant,
v.
GRANT COUNTY PUBLIC HOSPITAL DISTRICT NO. 1 et al., Respondents.[*]
No. 36921.
The Supreme Court of Washington, Department Two.
November 19, 1964.
Greive & Law, by R.R. Bob Greive, for appellant.
Williams, Lanza, Kastner & Gibbs, by Henry E. Kastner, for respondents.
WEAVER, J.
Plaintiff, an osteopathic physician[1] licensed by the state (RCW chapter 18.57), commenced this action[2] against (a) Grant County Public Hospital District No. 1, a municipal corporation organized and chartered pursuant to RCW chapter 70.44, the owner of the Samaritan Hospital at Moses Lake and (b) the directors and members of the medical staff of the hospital, who are licensed as physicians and surgeons pursuant to RCW chapter 18.71.
Plaintiff's second amended statement of claim, as pleaded, was triggered by the fact that he was notified by defendants that they would not entertain his application for staff membership in the Public Hospital District hospital "solely by reason of his belonging to and practicing in the name of a school of medical practice competitive to their own."
Plaintiff's second amended statement of claim[2] has two facets: first, that the individual defendants have assumed control over the public hospital facilities in Grant County *247 for the purpose of preventing plaintiff and "other members of his school of medical practice" from using the public hospital facilities, thus acting in a manner "arbitrary and capricious, without probable cause, and contrary to statute," and are conspiring to monopolize and are monopolizing the practice of medicine and surgery in Grant County and have been excluding and are continuing to exclude "the plaintiff and other members of his class of medical and surgical practitioners from membership on the staff of the Samaritan Hospital at Moses Lake"; and second, that the action is instituted
"... pursuant to sections 3 [RCW 19.86.030], 4 [RCW 19.86.040] and 9 [RCW 19.86.090] chapter 216, Laws of 1961 (chapter 19.86 RCW) more commonly known as the `Consumer Protection Act' and pursuant to chapter 70.44 RCW [Public Hospital Districts]."
Plaintiff prays:
(1) that the court find that
"... the plaintiff's qualifications to practice medicine and surgery are at least equal to, if not superior to, the qualifications of each of or of a substantial number of the named defendant medical practitioners";
(2) that plaintiff be admitted to the medical staff of the Samaritan Hospital;
(3) that defendants be restrained from violating the Consumer Protection Act (RCW chapter 19.86) by limiting Public Hospital District staff membership to members of the allopathic school of medicine to the exclusion of physicians and surgeons of the osteopathic school of medicine; and
(4) that plaintiff recover "treble monetary damages in the sum of $75,000."
[1] Plaintiff appeals from an order granting defendants' motion to dismiss plaintiff's action "for the reason that the plaintiff's second amended statement of claim does not state a cause of action." We deem the motion to dismiss for failure to state a cause of action as one to dismiss for failure to state a claim upon which relief can be granted, as provided in Rule of Pleading, Practice and Procedure 12(b), *248 RCW Vol. 0.[3] See Lightner v. Balow, 59 Wn. (2d) 856, 857, 370 P. (2d) 982 (1962).
Before discussing plaintiff's assignments of error, we quote a portion of the trial court's memorandum opinion, for the thoughts expressed are threaded through the assignments of error. The trial court said:
"... Provisions for licensing osteopaths is covered by RCW Chapter 18.57.
"The licensing of physicians and surgeons is covered by RCW chapter 18.71.
"It appears to the Court that the question before the Court, simply stated, is whether the plaintiff as an osteopath is entitled to practice and treat his patients in the hospital of the Grant County Hospital District Number One in Moses Lake. It appears that he has been denied this privilege because he is not a member of the staff of that hospital, and it appears that he is not a member of the staff of the hospital because he is not licensed as a physician and surgeon in the State of Washington under RCW chapter 18.71. Rather he is licensed as an osteopath under RCW chapter 18.57.
"...
"The following quotation is from the act of the legislature providing for hospital districts:
"`RCW 70.44.160. Medical management  Hospital standards. The medical management shall be subject to approval of the medical staff. All hospitals operated by public hospital districts shall be operated in compliance with the standards set by the council on medical education and hospitals of the American Medical Association.'
*249 "It appears to the Court that the legislature of the State of Washington in creating the law providing for the formation of hospital districts and providing that the medical management should be subject to the approval of the medical staff and that all hospitals operated by a public hospital district should be operated in compliance with standards set by the council on medical education and hospitals of the American Medical Association, shows clearly that it was their intention that hospital districts provide hospitals for physicians and surgeons and not for osteopaths.
"...
"... The staff of the hospital is made up of physicians and surgeons, regularly licensed as such, under the laws of the State of Washington as provided by RCW 18.71, and it further appears that the only complaint that the plaintiff has is that he is not admitted to the staff of the hospital because he is an osteopath and licensed as such under the provisions of RCW 18.57.020.
"...
"It appears to the Court that the legislature of the State of Washington did not intend that the hospitals operated by hospital districts, provided by RCW chapter 70.44, should be open to every person who is licensed to practice some part of the healing art in the State of Washington. It appears to the Court that by the provisions of RCW Section 70.44.160, quoted above, it shows that it was within the contemplation of the state legislature that hospitals operated by hospital districts should be staffed by physicians and surgeons.... the staff members of the hospital were not guilty of any wrong in failing to vote him membership on the staff of the hospital. In fact, it appears to the Court that even if these doctors had every confidence in the ability of the plaintiff, they still would not have the right or the authority to vote him into membership on the staff of the hospital." (Italics ours.)
Plaintiff's first two assignments of error are directed to claimed statutory misinterpretations made by the trial court in its memorandum opinion. Ordinarily, assignments of error directed to the trial court's memorandum opinion are not well taken (Fowles v. Sweeney, 41 Wn. (2d) 182, 187, 248 P. (2d) 400 (1952), and authorities cited), for they are only an invitation for us to review the record and seek possible errors which have not been "definitely pointed out *250 in the `assignments of error' in appellant's brief" as required by Rule on Appeal 43. In the instant case, however, we deem the first two assignments of error sufficient to present the nub of this appeal: In the light of existing statutes, does plaintiff's second amended complaint state a claim upon which relief can be granted?
It would prolong this opinion beyond reasonable length and serve no useful purpose to make a detailed analysis and comparison of RCW chapter 18.57, which provides for the certification of osteopathic physicians and surgeons and permits them to use the designation of Doctor of Osteopathy (RCW 18.57.145), and RCW 18.71, which provides for licensing of doctors of medicine and surgery. It is sufficient to point out that there are salient and material differences between the statutory requirements for one to be licensed as a doctor of osteopathy and as a doctor of medicine. The former must hold a diploma from a school of osteopathy and surgery having standards not less than those prescribed by the American Osteopathic Association and the American Association of Osteopathic Colleges (RCW 18.57.020); the latter must have a diploma from an accredited medical school (RCW 18.71.050), the curriculum of which must meet the requirements of RCW 18.71.055. The statutes licensing a doctor of medicine "shall not be construed to apply in any manner to the practice of osteopathy" (RCW 18.71.030).
On the other hand, the licensing statutes for doctors of osteopathy "shall not be construed to apply in any manner to any other system or method of treating the sick or afflicted." RCW 18.57.040. Different examinations are required; examinations for osteopaths are graded according to the standards set forth in RCW 18.57.020 and RCW 18.57.080; examinations for doctors of medicine by the standards required by RCW 18.71.070. Professional conduct of an osteopath is controlled by the provisions of RCW 18.57.170 and RCW 18.57.180  of a doctor of medicine by RCW chapter 18.72.
[2] There are other statutory differences, but we believe the foregoing is sufficient to illustrate that the legislature *251 has recognized and established distinctions between the branches of the healing arts which it considers necessary for the public good. Courts will not question the legislative wisdom of these distinctions so long as there is any reasonable basis for them. Ellestad v. Swayze, 15 Wn. (2d) 281, 291, 130 P. (2d) 349 (1942), and cases cited. Plaintiff's second amended statement of claim alleges nothing that questions the legislative determination that there is a difference between doctors of osteopathy and doctors of medicine.
As pointed out by the trial court, RCW 70.44.160 requires that the medical management of defendant hospital be subject to approval of the medical staff. The staff is subject to the statutory mandate that the public hospital be operated in compliance with the standards set by the council on medical education and hospitals of the American Medical Association. There is nothing to establish that defendants have violated the statutory duty imposed upon them.
[3] We agree with the trial court. We do not believe that it was the legislative intent to make osteopathic physicians and surgeons eligible for membership on the medical staff of public hospital districts as a matter of law. Plaintiff can find no solace in Group Health Cooperative of Puget Sound v. King Cy. Medical Soc., 39 Wn. (2d) 586, 237 P. (2d) 737 (1951), for in that case all the parties were physicians and surgeons licensed under RCW chapter 18.71.
Next, plaintiff urges that defendants have violated, and continue to violate, the Consumer Protection Act adopted in 1961. RCW chapter 19.86.
[4] Defendant Grant County Public Hospital District No. 1 is a municipal corporation created by state statute. Its powers are vested in its duly elected officials and medical staff and regulated by statute.
RCW 19.86.170 (Consumer Protection Act) provides:
"Nothing in this chapter shall apply to actions or transactions otherwise permitted, prohibited or regulated under laws administered by the insurance commissioner of this state, the Washington public service commission, the federal power commission or any other regulatory body or officer acting under statutory authority of this state or the United States. ..." (Italics ours.)
*252 Hence, the Consumer Protection Act does not apply to the instant case.
Finally, plaintiff urges that the court erred when it
"... refused appellant's [plaintiff's] repeated efforts to pursue his pretrial discovery and bring out the true facts."
We find this assignment of error ambiguous and ineffectual for several reasons.
First, plaintiff calls our attention to 30 instruments appearing in the transcript. In the main, they are interrogatories, objections thereto, answers to interrogatories, requests for admission, motions to strike, motions for protection, and memorandums of authorities. They are certified in the transcript by the clerk of court. Plaintiff has not directed our attention to a statement of facts or an order of the trial court denying him any pretrial rights. In the posture of this appeal, the identified instruments do not conform to the rule announced in American Universal Ins. Co. v. Ranson, 59 Wn. (2d) 811, 370 P. (2d) 867 (1962), so that we might consider them.
Second, overlooking this procedural inadequacy, a review of the instruments reveals that they are directed, for the most part, to the attempted proof that
"... plaintiff's qualifications to practice medicine and surgery are at least equal to, if not superior to, the qualifications of each of or a substantial number of the named defendant medical practitioners."
In view of our interpretation of the various licensing statutes heretofore discussed, the pretrial discovery sought has no bearing upon the problem presented by defendants' motion to dismiss for failure to state a claim upon which relief can be granted.
We need not pass upon defendants' motion to dismiss this appeal upon the grounds that the action is moot because plaintiff has moved to California.
The judgment is affirmed.
OTT, C.J., DONWORTH, FINLEY, and HAMILTON, JJ., concur.
NOTES
[*] Reported in 396, P. (2d) 879.
[1] Plaintiff signed the verification as "D.O."  Doctor of Osteopathy. See RCW 18.57.145.
[2] November 7, 1960, plaintiff commenced action against Grant County Public Hospital District No. 1. September 26, 1961, plaintiff filed an amended complaint making members of the hospital staff parties defendant. Various answers and affidavits were filed, and, on January 25, 1962, defendants moved for summary judgment. In the meantime, however, December 4, 1961, plaintiff commenced the present action (designated "statement of claim") against the hospital district and members of the hospital staff. March 15, 1962, an amended statement of claim was filed. As of April 20, 1962, the first action was, upon motion of plaintiff, dismissed with prejudice, reserving the right to use requests for admission, interrogatories, and depositions in the second action. April 20, 1962, plaintiff filed a second amended statement of claim which is the pleading now before the court.
[3] Rule of Pleading, Practice and Procedure 12(b), RCW Vol. 0, provides in part:

"(b) [Defenses] How Presented. Every defense, in law or fact, to a claim for relief in any pleading, ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted, .... If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."