[No. 41192. En Banc. December 17, 1970.]

WASHINGTON OSTEOPATHIC MEDICAL ASSOCIATION, *Plaintiff,* VIRGEL R. ANDERSON *et al., Appellants,* v. KING COUNTY MEDICAL SERVICE CORPORATION *et al., Respondents.*\*

\*Reported in 478 P.2d 228.

*Greive & Law,* by *R. R. Bob Greive,* for appellants.

*Roberts, Shefelman, Lawrence, Gay & Moch, Victor D. Lawrence,* and *Timothy R. Clifford,* for respondents.

SHARP, J.—This is an appeal from a summary judgment dismissing plaintiffs' complaint as to defendants King County Medical Service Corporation and King County Medical Service Bureau.

The action was commenced in August, 1962, by the Washington Osteopathic Medical Association, and certain individual members thereof, against the King County Medical Service Corporation (hereinafter called the "Service Corporation"), King County Medical Service Bureau (hereinafter called the "Service Bureau"), the King County Medical Society, and the Washington State Medical Association. An amended complaint was filed in October, 1965, adding the Washington College of Physicians and Surgeons as a defendant. In January, 1968, a second amended complaint was filed adding the Standring Corporation, which does business in King County as Standring Memorial Osteopathic Hospital, as a plaintiff.

The second amended complaint before us specifies that it is filed and these proceedings instituted under the provisions of the Consumer Protection Act, RCW 19.86. By way of detailed allegations, plaintiffs charge that the defendants have agreed and conspired together to exterminate and extinguish the free market competitive practice of medicine and surgery by excluding osteopathic physicians and surgeons from participating in the Service Corporation's plan for prepaid medical and health care. Defendants' activities are characterized as being in restraint of trade (RCW 19.86.030), monopolistic (RCW 19.86.040), and in violation of the act's prohibition against tying agreements (RCW 19.86.050).

In April, 1968, two of the defendants, to wit, the Service Corporation and the Service Bureau moved, with support-

ing affidavit, to dismiss plaintiffs' action, which motion was granted and judgment entered accordingly. By subsequent stipulation, all parties agreed that if the trial court's dismissal should be affirmed by this court, dismissal with prejudice would also be entered as to the remaining defendants. While the appeal was pending before this court, the Washington Osteopathic Medical Association moved to withdraw its appeal, which motion was granted.

At the outset, we note that the record before us contains nothing by way of evidentiary material in support of the allegations contained in appellants' complaints. Respondents' motion to dismiss was couched in terms of a motion for summary judgment, and as it was supported by an affidavit, with exhibits attached thereto, it was properly treated by the trial court as a motion for summary judgment. Apparently, appellants chose to submit the matter without controverting affidavits or other responsive material, and therefore, insofar as relevant, the factual data contained in respondents' affidavit and exhibit will be considered as established for purposes of this case.

Briefly summarized, the affidavit and its exhibits indicate that the Service Corporation is a nonprofit corporation formed by a group of doctors of medicine in 1933 as a means of providing low-cost, prepaid, medical care to the public. It is governed by 42 members, of whom 38 are doctors of medicine. Its board of trustees consists of seven doctors of medicine and three nondoctors. The Service Corporation accepts prepayment from persons and groups of persons, and in consideration thereof, contracts to pay for medical services furnished to them or their dependents by its participating physicians. It enters into written contracts with participating doctors of medicine who agree to render the medical and surgical services described in the contracts to the Service Corporation's subscribers, and to look solely to the Service Corporation for payment. The Service Bureau is an association with membership comprised of the doctors contracting with the Service Corporation as participating physicians.

Since the enactment of the Health Care Services Act in

1947, the Service Corporation has registered each year with the Insurance Commissioner of the State of Washington, as a health care service contractor as required by RCW 48.44.040, and has paid the required registration and annual renewal fees. Its forms of health care service contracts, riders, and insurance policies are filed with the Insurance Commissioner,[1] in addition to lists of participating doctors and forms of contracts between the Service Corporation and these doctors. An annual statement on the Insurance Commissioner's form is filed as well as extensive periodic reports of the service activities. As part of his statutory duty to regulate health care service contractors, the Insurance Commissioner corresponds extensively with the Service Corporation with respect to inquiries and complaints. Numerous examples of this claims correspondence were attached as exhibits to respondents' affidavit for consideration by the trial court.

In brief, it is uncontroverted in the record before us that the activities of the respondents are permitted and regulated by the Health Care Services Act and that the Insurance Commissioner is functioning in accordance with the responsibilities imposed upon his office by that act. Under these circumstances, the trial court concluded that the respondents' activities were exempt from the Consumer Protection Act by virtue of RCW 19.86.170 reading in pertinent part as follows:

> Nothing in this chapter shall apply to actions or transactions otherwise permitted, prohibited or regulated under laws administered by the insurance commissioner of this state, the Washington utilities and transportation commission, the federal power commission or any other regulatory body or officer acting under statutory authority of this state or the United States: . . .

We agree that this exemption clause is applicable, and that therefore the Consumer Protection Act does not apply.

---

[1] In 1969, RCW 48.44 was amended by the legislature by setting forth standards to guide the commissioner in approving or disapproving forms of health care service contracts (Laws of 1969, ch. 115, § 1, RCW 48.44.020(2). Numerous other regulatory requirements and prohibitions were also added by this chapter.

Appellants argue that our inquiry should not end at this point, however, claiming that notwithstanding the Consumer Protection Act exemption quoted above, respondents' activities are in violation of article 12, section 22 of our state constitution:

Monopolies and trusts shall never be allowed in this state, and no incorporated company, copartnership, or association of persons in this state shall directly or indirectly combine or make any contract with any other incorporated company, foreign or domestic, through their stockholders, or the trustees or assignees of such stockholders, or with any copartnership or association of persons, or in any manner whatever for the purpose of fixing the price or limiting the production or regulating the transportation of any product or commodity. The legislature shall pass laws for the enforcement of this section by adequate penalties, and in case of incorporated companies, if necessary for that purpose, may declare a forfeiture of their franchises.

In particular, appellants argue that medical services are a "product" within the terms of the constitutional prohibition, and that a conspiracy exists to "control, monopolize, and limit production of the business of providing prepaid medical care." This argument is similar to the argument made successfully in *Group Health Cooperative v. King County Medical Soc'y*, 39 Wn.2d 586, 237 P.2d 737, but the argument fails here for several reasons.

First, the controversy presented in *Group Health Cooperative v. King County Medical Soc'y, supra,* was one between two segments of the same profession. There, the plaintiff, Group Health Cooperative, composed of 20 licensed physicians, complained that the defendant society combined, agreed, and conspired to injure and hamper physicians and surgeons not members of the defendant society. It was shown to the satisfaction of this court that the defendant society excluded the plaintiffs from membership in the society on the sole ground that they were practicing competitive contract medicine. Here, however, the appellants are practitioners of a different branch or discipline of the healing arts. The distinction between these branches is maintained

by the legislature in its licensing requirements, and accepted as reasonable by this court in its prior decisions. *See Williamson v. Grant County Pub. Hosp. Dist. 1,* 65 Wn.2d 245, 396 P.2d 879; *Reagles v. Simpson,* 72 Wn.2d 577, 434 P.2d 559.

■ Secondly, while appellants' complaint claims a monopolistic and predatory conspiracy to "corner the entire practice of medicine and surgery," such allegations are conclusions only. Certainly, if there was any basis for these charges, during the 6 years pending between commencement of this suit and entry of judgment, overt acts could have been developed by the utilization of discovery techniques. Absent a presentation of supporting material, the trial court would have erred in allowing the matter to go to trial.

> The plaintiff, in effect, takes the position that if the complaint itself is sufficient to state a claim for relief, the facts upon which it is based may not be successfully challenged in summary judgment proceedings. The United States Court of Appeals for the Third Circuit and a few of the other federal courts had sustained such positions until Fed. R. Civ. P. 56(e) was amended in 1963 by the addition of two sentences, which do not appear in our rule:
>
> > *When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.* (Italics ours.)
>
> This court has not formally adopted this amendment to Rule 56(e), but by decisional construction of the present rule the same end result has been attained.

(Footnote omitted.) *W. G. Platts, Inc. v. Platts,* 73 Wn.2d 434, 441, 438 P.2d 867.

Finally, there is nothing in the record to indicate that this theory was presented to the trial court. Instead, the appellants' pleading was couched solely in terms of statutory violations, and the judgment indicates that the trial

court concluded the matter upon that basis only. Furthermore, this constitutional argument was not presented to this court until oral argument. The brief of appellant to this court specifically sets forth the "Nature of the Case" as:

> This is an action by an association of osteopathic physicians and surgeons (D.O.'s), a hospital and several individual D.O.'s to recover damages and obtain injunctive relief under Washington's Consumer Protection Act (chapter 19.86 RCW) against a health care service contractor and an association of its participating physicians, two medical associations and a medical school.[2]

■ In *State ex rel. Cosmopolis Consol. School Dist. 99 v. Bruno*, 61 Wn.2d 461, 472, 378 P.2d 691, we said:

> Finally, the appellant contends that RCW 28.56.040, which enumerates the powers of the state board, is an unlawful delegation of legislative authority, and, therefore is unconstitutional. This issue was not presented to, or considered by, the trial court, which precludes us from considering it upon this appeal. *Long v. Odell,* 60 Wn. (2d) 151, 372 P. (2d) 548 (1962); *Gnecchi v. State,* 58 Wn. (2d) 467, 364 P. (2d) 225 (1961); *Johnson v. Seattle,* 50 Wn. (2d) 543, 313 P. (2d) 676 (1957); *State ex rel. York v. Board of Cy. Com'rs of Walla Walla Cy.,* 28 Wn. (2d) 891, 184 P. (2d) 577, 172 A. L. R. 1001 (1947).

Under the circumstances, the constitutional question is not properly before us.

The trial court's judgment of dismissal is affirmed.

HUNTER, C. J., FINLEY, ROSELLINI, HAMILTON, HALE, NEILL, and McGOVERN, JJ., and RYAN, J. Pro Tem., concur.

---

[2]Appellants' brief is of little assistance to this court in pinpointing the issue sought to be resolved by this appeal. The only assignment of error set forth is as follows: "The court erred in dismissing the action as to defendants King County Medical Service Corporation and King County Medical Service Bureau."