[No. 865-3. Division Three. August 22, 1973.]

HAROLD DICK, *Petitioner*, v. THE ATTORNEY GENERAL OF THE STATE OF WASHINGTON, *Respondent*.

Proceedings under the Consumer Protection Act. Review sought of an order to produce documents.

*George A. Kain* and *Underwood, Campbell, Zellmer & Kain*, for petitioner.

*Slade Gorton, Attorney General, D. Roger Reed* and *John E. Lamp, Assistants*, for respondent.

GREEN, C.J.—Certiorari was granted to review an order directing petitioner, Harold Dick, to comply with a civil investigative demand for production of certain documents under the Consumer Protection Act, RCW 19.86.110.

Petitioner is engaged in the practice of drugless healing in Spokane. On May 9, 1973, he was served by the Consumer Protection Division of the Attorney General's office with a civil investigative demand to produce certain records for inspection by their representatives. About 12:10 p.m. on May 11, 1973, an assistant attorney general telephoned petitioner and ascertained that petitioner, upon advice of counsel, would not comply with the demand. Thereupon, petitioner was informed that at 2 p.m. on that day a motion for an order directing compliance with the demand would be presented to the court. At 2 p.m., petitioner and

his counsel appeared and objected to entry of the order. Following argument, the trial court entered the order.

At the outset, petitioner contends that he is exempt from the Consumer Protection Act, RCW 19.86, and therefore the court erred in entering an order directing compliance with the demand. We are constrained to agree.

RCW 19.86.170 provides:

> Exempted transactions— . . . *Nothing in this chapter shall apply* to actions or transactions otherwise permitted, prohibited or regulated under laws administered by the insurance commissioner of this state, the Washington utilities and transportation commission, the federal power commission *or any other regulatory body or officer* acting under statutory authority of this state or the United States: . . .

(Italics ours.)

Drugless healing is the subject of statutory regulations, RCW 18.36, administered by the Director of Licenses, RCW 43.24.020. These statutes require a drugless healer to obtain a license to practice, establish basic qualifications that must be possessed before an application can be considered and directs the Director of Licenses to prepare and administer an examination in certain delineated areas before a license will issue. RCW 18.36.010-.060. Drugless healers are restricted in their advertising, RCW 18.36.120; are subject to state and municipal health regulations, RCW 18.36.130; are required to comply with a code of professional conduct, RCW 18.36.150; and may have their license revoked, RCW 18.36.040, RCW 18.36.170, or be convicted of a misdemeanor, RCW 18.36.140, for violation of the code. A procedure for appeal from revocation of their license is outlined in the statute. RCW 18.36.170-.240. The legislature, by adopting RCW 18.36 covering drugless healing, was carrying out its constitutional duty to enact laws to regulate the practice of medicine and surgery and the sale of drugs and medicines. Const. art. 20, § 2; *State v. Houck*, 32 Wn.2d 681, 203 P.2d 693 (1949).[1]

In *Williamson v. Grant County Pub. Hosp. Dist. 1,* 65 Wn.2d 245, 396 P.2d 879 (1964), a public hospital district was held exempt from the Consumer Protection Act. In reaching this conclusion, the court said at page 251:

Defendant Grant County Public Hospital District No. 1 is a municipal corporation created by state statute. Its powers are vested in its duly elected officials and medical staff and regulated by statute.

RCW 19.86.170 (Consumer Protection Act) provides:

"*Nothing in this chapter shall apply to* actions or trans-actions otherwise permitted, prohibited or regulated under laws administered by the insurance commissioner of this state, the Washington public service commission, the federal power commission *or any other regulatory body or officer acting under statutory authority of this state or the United States. . . .*" (Italics ours.)

Hence, the Consumer Protection Act does not apply to the instant case.

We are unable to discern any substantial difference in the quality or extent of regulation imposed upon a public hospital district under RCW 70.44 and the quality or extent of regulation imposed upon a drugless healer under RCW 18.36. In many respects, the regulation of a drugless healer is more stringent than the regulation of a hospital district. As a result, we are led to the conclusion that drugless healers are exempt from the Consumer Protection Act.

We reach this conclusion reluctantly because we are mindful of RCW 19.86.920 which declares the legislature's intent that the Consumer Protection Act be liberally construed. However, we cannot avoid the impact of the *Williamson* decision. In *State v. Reader's Digest Ass'n, Inc.,* 81 Wn.2d 259, 279, 501 P.2d 290 (1972), the court held that the

---

[1]The fact of regulation is alluded to in the following decisions: *Brooks v. Herd,* 144 Wash. 173, 257 P. 238 (1927); *Laughney v. Maybury,* 145 Wash. 146, 152, 259 P. 17, 54 A.L.R. 393 (1927); *State ex rel. Walker v. Dean,* 155 Wash. 383, 393, 284 P. 756 (1930); *Butcher v. Maybury,* 8 F.2d 155 (W.D. Wash. 1925); *Ellestad v. Swayze,* 15 Wn.2d 281, 130 P.2d 349 (1942); *State v. Kelsey,* 46 Wn.2d 617, 283 P.2d 982 (1955).

Federal Trade Commission was not a regulatory body within the meaning of the exemption provision to the Consumer Protection Act because it does not permit or license activities. Thus, *Reader's Digest* was not an exempt activity. At page 279, the court said:

> Once the requisite permission is obtained, the activity is subject to monitoring and regulation.

To paraphrase: Once a license is issued to a drugless healer, his activities are subject to monitoring and regulation by the Director of Licenses. The same was true of a public hospital district under *Williamson.*

The Attorney General contends that the rule of ejusdem generis applies. This rule of construction states that specific words or terms modify and restrict the interpretation of general words or terms where both are used in sequence. *State v. Reader's Digest Ass'n, Inc., supra* at 279. Thus, it is argued that the regulatory body or officer acting under statutory authority must be of the same nature and kind as the insurance commissioner, Washington Utilities and Transportation Commission, or the Federal Power Commission. We cannot agree in light of the decision in *Williamson.* The regulation accorded public hospital districts in RCW 70.44 is not of the same nature and kind as that found under the laws administered by the insurance commissioner, Washington Utilities and Transportation Commission, or the Federal Power Commission; yet, hospital districts were held to be within the exemption. We can only conclude that the use of the word "any" in the exemption provision was intended to mean just that; otherwise, this word would be superfluous and should have been omitted. Had the word "any" been omitted, the contention that the rule of ejusdem generis should apply would have merit.

If drugless healers were intended to be subject to the Consumer Protection Act, we suggest the legislature and not the courts should amend the act to so provide.

Because of our holding, it is unnecessary to reach the other issues raised by the petitioner.

The court's order directing compliance with the civil investigative demand is reversed and the motion for such order should be denied.

MUNSON and McINTURFF, JJ., concur.

Petition for rehearing denied October 10, 1973.

Review granted by Supreme Court November 20, 1973.