[No. 42998.     En Banc.     April 25, 1974.]

HAROLD DICK, *Respondent,* v. THE ATTORNEY GENERAL OF THE STATE OF WASHINGTON, *Petitioner.*

*Slade Gorton, Attorney General,* and *D. Roger Reed* and *Barbara J. Rothstein, Assistants,* for petitioner.

*Kain & Snow* and *George A. Kain,* for respondent.

*Kane, Vandeberg & Hartinger,* by *G. Perrin Walker,* amicus curiae.

ROSELLINI, J.—This case arises under the Consumer Protection Act, RCW 19.86. The respondent is a naturopath

licensed under RCW 18.36. The Attorney General began an investigation of the respondent and served upon him a pretrial investigative demand requiring the production of his records. The demand stated that it was made on the ground that the documents requested were material and relevant to an investigation of a possible violation of RCW 19.86.020. It further stated that the Attorney General's office had reason to believe that unfair and deceptive practices had been accomplished by the respondent.

The respondent refused to comply with this demand and the petitioner, acting under the authority of RCW 19.86.110(8), petitioned the superior court for an order directing the respondent to comply. The petition was set for hearing on the day that notice was given to the respondent.

The respondent appeared in superior court and objected to the petition on several grounds, one of which was that the notice did not allow sufficient time to prepare a defense. Other grounds were that the notice did not sufficiently apprise the respondent of the nature of the complaint against him; that it did not comply with the requirement of RCW 19.86.110(2)(a) that the demand set forth the general subject matter of the investigation; that the information was privileged; and finally that the profession of drugless healing was regulated by the State of Washington under RCW 18.36 and was therefore exempt from the provisions of the Consumer Protection Act under RCW 19.86.170.

The trial court rejected all of these contentions and ordered the production of the records. The respondent petitioned the Court of Appeals for a writ of certiorari which was granted (Dick v. Attorney General, 9 Wn. App. 586, 513 P.2d 568 (1973)). The Court of Appeals dealt with only one of the respondent's contentions. It held that, because the respondent's practice was licensed by the director of licenses under RCW 18.36 and regulated by statute, it was exempt from the provisions of the Consumer Protection Act. This court granted the Attorney General's petition for review.

The Consumer Protection Act, RCW 19.86, provides in RCW 19.86.020:

Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

The respondent apparently concedes that his drugless healing practice comes within the definition of trade or commerce as used in this statute. It has been and is his position, however, that his practice is exempted under RCW 19.86.170, which provides:

Nothing in this chapter shall apply to actions or transactions otherwise permitted, prohibited or regulated under laws administered by the insurance commissioner of this state, the Washington utilities and transportation commission, the federal power commission or any other regulatory body or officer acting under statutory authority of this state or the United States:  .  .  .

It is acknowledged by the petitioner that the practice of drugless healing is regulated under RCW 18.36. Provisions of this chapter require a practitioner of the art of drugless healing, as defined therein, to obtain a license from the director of licenses after having completed certain educational requirements.

The holder of a license must record it in the county where he resides (RCW 18.36.110), he must renew his license annually (RCW 18.36.115), his advertising practices are restricted (RCW 18.36.120), he is made subject to state and local health regulations (RCW 18.36.130), and he is subject to prosecution for violation of any of the foregoing provisions or of RCW 18.36.150, which declares what acts of a drugless healer will constitute "unprofessional conduct."

Under RCW 18.36.170 the license of a drugless healer can be revoked for want of educational qualifications. A hearing procedure is provided in RCW 18.36.170-.220 and provision for appeal to the superior court is contained in RCW 18.36.230.

The petitioner first maintains that the director of licenses is not a "regulatory body or officer" within the meaning of

RCW 19.86.170, because his regulatory powers are not as comprehensive as those of the Insurance Commissioner, the Washington Utilities and Transportation Commission, or the Federal Power Commission. The meaning of the language "other regulatory body or officer" is not before this court for the first time in this action. In *State v. Reader's Digest Ass'n*, 81 Wn.2d 259, 279, 501 P.2d 290 (1972), the Attorney General successfully argued that the defendant in that action was not exempt under RCW 19.86.170, even though it was regulated by the Federal Trade Commission. Agreeing with the petitioner's interpretation of the provision in question, we said:

> The FTC, however, is not a regulatory body within the meaning of RCW 19.86.170. The term "other regulatory body" must be construed in light of the preceding terms and the intent of the entire act. The *ejusdem generis* rule is that specific words or terms modify and restrict the interpretation of general words or terms where both are used in sequence. [Citing cases.] The specific agencies or bodies mentioned in the statute all regulate areas where permission or registration is necessary to engage in an activity. Once the requisite permission is obtained, the activity is subject to monitoring and regulation. The FTC, however, is not such an agency. It has no control over entry into its area of concern. It merely monitors the business practices of those who freely enter its domain. In this respect its position is analogous to that of the United States Attorney General in his capacity of enforcing the anti-trust laws. In *State v. Sterling Theatres Co.*, 64 Wn.2d 761, 394 P.2d 226 (1964), we concluded that he was not a "regulatory officer" within the meaning of RCW 19.86.170. We held that "surveillance and enforcement activities undertaken by the federal authorities pursuant to consent decrees" do not make a business "a regulated industry within the meaning of the state act."

Thus it will be seen that we have, applying the rule of ejusdem generis, held that where an activity is licensed and subject to regulation, that is, where an officer or agency has control over entry into an area of concern, the exemption section applies.

■ The Court of Appeals correctly held that the respondent's practice is regulated generally within the meaning of RCW 19.86.170. However, we do not read the statute to exempt a transaction or action merely because the business or trade is regulated generally. In *State v. Sterling Theatres*, 64 Wn.2d 761, 394 P.2d 226 (1964), cited in *State v. Reader's Digest Ass'n, supra*, we indicated that this is not the intent of the statute. While the question was not expressly treated, we noted that it was unnecessary in that case to reach any question concerning concurrent regulation of identical conduct by federal and state authorities, since none of the conduct complained of was controlled by the consent decrees which were claimed to be "regulations" within the meaning of RCW 19.86.170.

We have stated that the Consumer Protection Act should be liberally construed to effect its purpose, in accordance with the direction contained in RCW 19.86.920. *State v. Ralph Williams' N.W. Chrysler Plymouth, Inc.*, 82 Wn.2d 265, 510 P.2d 233 (1973). If a particular practice found to be unfair or deceptive is not regulated, even though the business is regulated generally, it would appear to be the legislative intent that the provisions of the act should apply. The use of the word "actions or transactions" rather than "business or trade" makes it clear, we think, that this was the legislative intent.

The Court of Appeals held that because the respondent's practice was regulated generally under the provisions of RCW 18.36, it was exempt from the provisions of the Consumer Protection Act. We think this holding is broader than the statute justifies. However, dismissal of the action was not improper, in view of the posture of the case as it reached the Court of Appeals. The petitioner had not at that time and has not yet specified what actions or transactions he believes are violative of the act. The only evidence that we can find in the record which throws any light on this question is a statement made to the superior court in answer to its question directed to a member of the Attor-

ney General's staff who appeared there. This attorney stated:

[W]e have reason to believe that there is an unauthorized practice in medicine, and that he is prescribing medication without authorization, and that, there are [*sic*] other unfair and unaccepted practicing by the individual concerned.

The unauthorized practice of medicine is prohibited under RCW 18.71.020. RCW 18.36.010 declares that the term "drugless therapeutics" as used therein shall in no way include the giving, prescribing or recommending of pharmaceutic drugs and poisons for internal use. It appears therefore that the actions or transactions under investigation are otherwise regulated within the meaning of RCW 19.86.170. If there were other actions or transactions under investigation which were not otherwise prohibited or regulated, that fact has not been brought to our attention nor was it brought to the attention of the lower courts, insofar as the record reveals.

When the respondent showed that his practice was regulated generally under a statute administered by a regulatory officer within the meaning of the act, it became incumbent upon the petitioner to show that the actions or transactions under investigation were not covered by those regulations. Since he did not provide the information necessary to make a determination upon the point, he cannot claim that the Court of Appeals was in error in dismissing the action.

The judgment of the Court of Appeals is affirmed.

HALE, C.J., and FINLEY, HUNTER, HAMILTON, STAFFORD, WRIGHT, and BRACHTENBACH, JJ., concur.

UTTER, J. (concurring)—I concur. I assume the Attorney General will have an opportunity to file an amended demand consistent with the language of this opinion.