BEER, Judge.
On January 27, 1978, the State Attorney General’s office served investigative demands upon appellee, Malcolm W. Hum-phreys, the franchisee of two Arthur Murray Dance Studios, located at 1515 St. Charles Avenue and 3511 Hessmer Avenue. The demands alleged that Humphreys’ “methods of competition and the acts and practices employed with respect thereto may constitute commercial activity declared unlawful by the Unfair Trade Practices and Consumer Protection Law as set forth in Louisiana Revised Statutes 51:1405,[1] (et *252 seq.) and other state and federal statutory laws, and/or rules and regulations.” The demands alleged that the office of the Attorney General was privy to “evidence and information that false, deceptive, and misleading representations may have been made to students and prospective students .,” and the demands went on to outline several alleged business practices of Humphreys which might constitute violation of the state’s consumer protection statutes. Humphreys was, accordingly, ordered to produce names and last known addresses of all students enrolled in the Arthur Murray dance studios for the period October 1, 1975 to October 1, 1977; names and last known addresses of all dance instructors who worked for the Arthur Murray dance studios for the period October 1, 1974 to October 1, 1977; and names of all party clubs within the studios and/or franchise that students may join or in which students may participate.
Thus confronted, Humphreys petitioned for a protective order on various grounds, including that the investigative demand was defective because the State failed to allege such probable cause as is implicitly required by the Federal and State Constitutions. Following a hearing, the trial court issued a protective order, holding that the State had failed to set forth sufficient probable cause to refute Humphreys’ constitutionally guaranteed right of privacy, as well as the right of privacy of those persons whose names would be on the lists sought by the State.
The State has devolutively appealed, alleging error in the application of the probable cause standard to LSA — R.S. 51:1401, et seq.
There is no express probable cause requirement in LSA-R.S. 51:1401, et seq. However, appellee contends that the broad constitutional safeguards of privacy under Article 1, § 5 of the Louisiana Constitution distinguishes the federal court cases here relied upon by the State.
Notwithstanding the language of Article 1, § 5, LSA-R.S. 51:1411 indicates that the legislature, in its wisdom, has determined that the attorney general and director need only “have evidence that a person has engaged in or is engaged in any method, act, or practice declared to be unlawful by this chapter and they believe it to be in the public interest that an investigation should be made to ascertain whether a person in fact has engaged in or is engaging in any act or practice declared to be unlawful
Almost identical statutory language was interpreted in Commonwealth of Kentucky ex rel. Hancock v. Pineur, 533 S.W.2d 527 (Ky.1976). The Kentucky court held that the attorney general was not required to make a showing on the face of the demand of reasonable grounds for its issuance where the statute did not state or imply that the condition precedent for issuance of the demand be recited on the face thereof.
In United States v. Morton Salt Co., 388 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 401 (1950), the Supreme Court observed that:
“. . . governmental investigation into corporate matters may be of such a sweeping nature and so unrelated to the matter properly under inquiry as to exceed the investigatory power. (Citation omitted.) But it is sufficient if the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant.”
*253 And, in See v. City of Seattle, 387 U.S. 541, 87 S.Ct. 1737, 1740, 18 L.Ed.2d 943 (1967), the Supreme Court delineated the Fourth Amendment requirements by observing:
“It is now settled that, when an administrative agency subpoenas corporate books or records, the Fourth Amendment requires that the subpoena be sufficiently limited in scope, relevant in purpose, and specific in directive so that compliance will not be unreasonably burdensome. The agency has the right to conduct all reasonable inspections of such documents which are contemplated by statute, but it must delimit the confines of a search by designating the needed documents in a formal subpoena.”
Thus, we note that federal courts have delineated ground rules for investigative demands by federal agencies which require that the inquiry be authorized by the agency; that the demand not be too indefinite; and that the information sought be reasonably relevant.
To this we would add the requirements that the general nature of the investigation must be identified so that it can be fairly ascertained if this test has been met (see Steele v. State, 85 Wash.2d 585, 537 P.2d 782 (1975); also, United States v. Reno, 522 F.2d 572 (10th Cir.)) and that the demand specifies the materials to be produced with reasonable particularity and for a reasonable period of time (see United States v. Reno, 522 F.2d 572 (10th Cir. 1975), and People v. American Banco Corporation, 570 P.2d 825 (Colo.1977)).
We hold that the allegations of the investigative demands comply with the statutory requirements for issuance and are within the guidelines discussed above and, thus, disagree with the extent of the trial court’s application of the probable cause test with respect investigative demands under LSA-R.S. 51:1411 A, being also of the view, inter alia, that Humphreys is without standing to raise Fourth Amendment issues on behalf of his present or former employees and/or students.
Even so, we believe that the statute, as presently written, can, unintentionally, form a basis for administrative over-reaching since no specificity is required by the statute. Yet, judicial restraint requires that we give the statute the benefit of the doubt insofar as constitutional regularity is concerned, and, thus, the burden of refuting same rests squarely upon the entity seeking a protective order from its implementation. We cannot conclude that the record before us discloses such refutation.
Accordingly, the judgment of the Civil District Court for the Parish of Orleans, is reversed, and the protective order encompassed in the judgment of March 14,1978, is dissolved and set aside, at appellee’s cost.

REVERSED.

. Specifically, LSA-R.S. 51:1411 provides:
“A. When the attorney general and director have evidence that a person has engaged in or is engaged in any method, act, or practice declared to be unlawful by this chapter and they believe it to be in the public interest that an investigation should be made to ascertain whether a person in fact has engaged in or is engaging in any act or practice declared to be unlawful, the attorney general and director may execute in writing and cause to be served upon any person who is believed to have information, documentary material or physical evidence relevant to the alleged or suspected violation, an investigative demand. Such investigative demand shall contain a description of the unlawful method, act or practice under investigation, and shall require such person to furnish, under oath or otherwise, a report in writing setting forth the relevant facts and circumstances of which he has knowledge, or to produce relevant documentary material or physical evidence for examination, at such reasonable time and place as may be stated in the investigative demand, concerning the advertisement, sale or offering for sale of any goods or *252 services or the conduct of any trade or commerce that is the subject matter of the investigation.
B. At any time before the return date specified in the investigative demand, or within twenty days after the demand has been served, whichever is shorter, a petition stating good cause for a protective order to extend the return date, or to modify or set aside the demand, may be filed in the district court having civil jurisdiction in the parish where the person served with the demand resides or is domiciled or has his principal place of business.
C. If no protective order from the court is secured and the written request by the attorney general and director is not complied with by the return date thereof, the attorney general and director may apply to the court for an order compelling compliance with the demand under R.S. 51:1413.”