291 N.W.2d 705 (1980)
206 Neb. 130
Moffatt J. KUNTZELMAN, also known as James M. Kuntzelman, Appellant,
v.
AVCO FINANCIAL SERVICES OF NEBRASKA, INC., a Nebraska Corporation, Appellee.
No. 42558.
Supreme Court of Nebraska.
April 29, 1980.
Charles I. Scudder and Howard A. Kaiman, Omaha, for appellant.
John J. Reefe, Jr., Omaha, for appellee.
Paul L. Douglas, Atty. Gen., Robert F. Bartle, Lincoln, Dale A. Comer, Omaha, Paul E. Hofmeister, Lincoln, and Jerold V. Fennell, Omaha, for amicus curiae.
Heard before KRIVOSHA, C. J., and BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.
PER CURIAM.
This is a class action based upon an alleged violation of the Nebraska Consumer Protection Act, Neb.Rev.Stat. §§ 59-1601 to 1623 (Reissue 1978), by the appellee finance company. In response to Moffatt J. Kuntzelman's petition, Avco Financial Services of Nebraska, Inc. demurred on grounds: (1) That the cause of action was barred by the applicable statute of limitations; and (2) that Avco was exempted from the provisions of the Nebraska Consumer Protection Act (Act). Avco thereafter was permitted to file a supplemental demurrer on the ground that Kuntzelman's petition failed to state facts sufficient to constitute a cause of action. At the hearing on the various demurrers, the parties herein stipulated that, at all times pertinent to the action, Avco was licensed under the provisions of the Nebraska installment loan act, Neb.Rev. Stat. §§ 45-114 to 158 (Reissue 1978). The District Court for Douglas County, Nebraska, sustained the demurrers on each and every ground and ordered that Kuntzelman's petition be dismissed. Kuntzelman thereafter appealed to this court. We affirm.
*706 The petition alleges that Kuntzelman was a member of a class of persons who were debtors of Avco who were forced, coerced, and required to reaffirm a prior indebtedness earlier discharged through bankruptcy proceedings. It appears that Kuntzelman had borrowed money from Avco on May 3, 1973. He made payments on this loan until January 1974. On March 11, 1974, Kuntzelman filed a petition in bankruptcy which listed the Avco debt as one of his obligations to be discharged thereunder. Subsequent to the filing of the bankruptcy petition, Kuntzelman entered into a loan agreement with Avco, dated April 24, 1974, wherein he reaffirmed a portion of the debt listed in the bankruptcy proceedings. The petition alleged that Avco, as a condition precedent to making the loan to Kuntzelman, coerced him into reaffirming a portion of the prior debt to Avco which had been discharged by the intervening bankruptcy. A second loan agreement was entered into by Kuntzelman with Avco on October 17, 1975, wherein, as a condition of receiving the loan, he reaffirmed a further portion of the debt listed in the bankruptcy petition.
Finally, the petition alleged that the solicitation of the conditional loans by Avco was an unfair or deceptive practice in the commerce of loaning money and that such practice was a restraint of trade prohibited by the Act. As was earlier indicated, the District Court upheld Avco's demurrers to Kuntzelman's petition. Kuntzelman has appealed to this court, contending that the District Court erred: (1) In determining Avco to be within the groups exempted under § 59-1617 from the provisions of the Act; (2) In determining that Kuntzelman failed to allege facts sufficient to set forth a cause of action against Avco; (3) In determining that Kuntzelman's actions were barred by the applicable statute of limitations; and (4) In failing to determine when Kuntzelman made payments on the loan agreements entered into after March 11, 1974, the date of the filing of the bankruptcy petition.
We note, initially, that the 1979 Legislature statutorily declared that the practice in which Avco allegedly engaged violates the provisions of the installment loan act. Neb. Rev.Stat. § 45-187 (Supp.1979) provides: "No licensee shall, directly or indirectly, require a borrower as a condition of granting a loan to such borrower to reaffirm or otherwise obligate himself or herself to pay a former debt to the licensee which has been discharged in bankruptcy proceedings." This opinion, therefore, will be of limited effect, and concern only those parties who entered into a loan agreement prior to August 24, 1979, the effective date of the aforementioned section, and whose actions are not barred by the applicable statute of limitations. We now turn our attention to the errors assigned by Kuntzelman to the lower court's proceedings.
Kuntzelman contends, first, that the District Court committed error in determining that Avco was exempted from the provisions of the Nebraska Consumer Protection Act, pursuant to § 59-1617 of the Act. Said section provides, in part: "Nothing in [the Act] shall apply to actions or transactions otherwise permitted, prohibited or regulated under laws administered by the Director of Insurance, the Public Service Commission, the federal power commission or any other regulatory body or officer acting under statutory authority of this state or the United States . . . ." (Emphasis supplied.) We have not yet had occasion to interpret either the entire Act or this specific section. The Attorney General has intervened in this case and has filed an Amicus Curiae Brief on this point only, wherein he contends that the aforementioned section should be interpreted narrowly and that Avco should not be exempt from the coverage of the Act.
Avco, however, contends that it is exempt from the provisions of the Act by virtue of the general phrase "or any other regulatory body or officer acting under statutory authority of this state or the United States," because it is regulated by the Department of Banking and Finance pursuant to the provisions of the installment loan act. Kuntzelman and the Attorney General assert that the construction urged by Avco would render nugatory the Act, as virtually *707 every phase of a person's life is regulated by one or more state bodies. They further contend that the Legislature clearly did not intend to pass an act which would exempt all bodies from its coverage. We must, therefore, review the legislative history of the Act for determination of the legislative intent.
The Act was adopted by our Legislature in 1974 as L.B. 1028. A review of the legislative proceedings reveals that the Act, in actuality, incorporates a previous bill, L.B. 326, 83rd Leg., 2d Sess. (1974). A review of the legislative proceedings with reference to L.B. 326 reveals that the exemption provision in question was never discussed. However, certain other provisions of the Act were apparently patterned after a consumer protection act adopted by the State of Washington. See R.C.W.A. §§ 19.86.010 to 19.86.920 (Reissue 1978). In fact, our Act and the Washington Act are practically identical in scope and wording, particularly with reference to the exemption provision. Therefore, the decisions of the Washington courts interpreting that state's exemption provisions are helpful and instructive herein.
The exemption provision of the Washington Consumer Protection Act, § 19.86.170, provides, in part:
Nothing in this chapter shall apply to actions or transactions otherwise permitted, prohibited or regulated under laws administered by the insurance commissioner of this state, the Washington utilities and transportation commission, the federal power commission or actions or transactions permitted by any other regulatory body or officer acting under statutory authority of this state or the United States . . . .
In State v. Reader's Digest Ass'n, 81 Wash.2d 259, 501 P.2d 290 (1972), it was stated:
The term "other regulatory body" must be construed in light of the preceding terms and the intent of the entire act. The ejusdem generis rule is that specific words or terms modify and restrict the interpretation of general words or terms where both are used in sequence. [Citations omitted.] The specific agencies or bodies mentioned in the statute all regulate areas where permission or registration is necessary to engage in an activity. Once the requisite permission is obtained, the activity is subject to monitoring and regulation.
Id. at 279, 501 P.2d 303.
This rule was expanded upon in Dick v. Attorney General, 83 Wash.2d 684, 521 P.2d 702 (1974), wherein that court stated:
We have stated that the Consumer Protection Act should be liberally construed to effect its purpose, in accordance with the direction contained in RCW 19.86.920. [Citations omitted.] If a particular practice found to be unfair or deceptive is not regulated, even though the business is regulated generally, it would appear to be the legislative intent that the provisions of the act should apply. The use of the word "actions or transactions" rather than "business or trade" makes it clear, we think, that this was the legislative intent.
Id. at 688, 521 P.2d 705.
We believe that this construction is also consistent with decisions rendered by the majority of courts which have examined the area. The courts have consistently refused to find that regulation, in and of itself, gives rise to immunity from the provisions of such acts. Conduct is not immunized merely because the person so acting falls within the jurisdiction of a regulatory body. In that regard, see, Cantor v. Detroit Edison Co., 428 U.S. 579, 96 S.Ct. 3110, 49 L.Ed.2d 1141 (1976); Gordon v. New York Stock Exchange, 422 U.S. 659, 95 S.Ct. 2958, 45 L.Ed.2d 463 (1975); Northeastern Tel. Co. v. American Tel. & Tel. Co., 477 F.Supp. 251 (D.Conn.1978); Interconnect Planning v. American Tel. & Tel., 465 F.Supp. 811 (S.D.N.Y.1978); Cain v. Air Cargo, Inc., 599 F.2d 316 (9th Cir. 1979); Mt. Hood Stages, Inc. v. Greyhound Corp., 555 F.2d 687 (9th Cir. 1977). In this connection, see, also, Annot., 89 A.L.R.3d 399 (1979).
In this case, however, we believe that the actions involved are regulated by "a body or *708 officer acting under statutory authority of this state or the United States." This case involved a loan made by a licensed installment loan company. Such companies are strictly regulated by the Department of Banking and Finance under the terms of the installment loan act. Not only does the Department of Banking and Finance have the power and duty to inspect the business, records, and accounts of persons or entities lending money under the provision of the installment loan act, but the department also has the power to order any person or entity subject to the provisions of that act to desist from any practice which the department finds does not conform to the requirements set forth therein. See §§ 45-130 to 132. Moreover, § 45-133 restricts advertising with reference to the rates, terms, or conditions, for the lending of money, credit, or goods by persons subject to the provisions of the act, and empowers the department to order any such person to cease and desist from any conduct found to be in violation of such restrictions. It appears to us that the very action complained of by Kuntzelman in this matter was subject to regulation by the Department of Banking and Finance.
The District Court was, therefore, correct in sustaining Avco's demurrer on the grounds that the action complained of was exempt from the provisions of the Act, pursuant to § 59-1617. In view of our decision, we need not examine the other errors assigned by Kuntzelman in this appeal. We emphasize that we do not here hold that every entity within the jurisdiction of a regulatory agency is exempt from the Act. We only hold, as we must from a reading of the statute, that Avco is exempt from the Act by virtue of the regulation by the Department of Banking and Finance of the specific transaction involved herein. The decision reached by the District Court was correct and we affirm the action of the District Court in sustaining the demurrer to Kuntzelman's petition.
AFFIRMED.
CLINTON, J., not voting.
WHITE, Justice, dissenting.
I agree with the majority that Neb.Rev. Stat. § 59-1617 (Reissue 1978) does not exempt an "action or transaction" from the Consumer Protection Act, Neb.Rev.Stat. §§ 59-1601 to 1623 (Reissue 1978), merely because the business or trade involved is regulated generally by the State of Nebraska through one of its agencies. In my view, however, the actions involved herein were not specifically regulated by the terms of the installment loan act, Neb.Rev.Stat. §§ 45-114 to 45-158 (Reissue 1978), prior to the passage of Neb.Rev.Stat. § 45-187 (Supp.1979).