REQUESTED BY: Senator Don Wesely Member of the Legislature 808 State Capitol Lincoln, Nebraska 68509
Dear Senator Wesely:
By letter dated December 2, 1981, you have requested the opinion of this office as to whether Neb.Rev.Stat. §59-1617 (Supp. 1981), a section of the Nebraska Consumer Protection Act which exempts from the coverage of the act certain regulated actions or transactions, would result in the Consumer Protection Act, Neb.Rev.Stat. §§ 59-1601 et seq. (Reissue 1978) having limited applicability to the activities of loan brokers in light of the passage of LB 154 providing for regulation of loan brokers by the Department of Banking and Finance.
The answer to your question is yes.
Neb.Rev.Stat. § 45-192 (Supp. 1981) gives the Department of Banking and Finance the power to investigate the activities of any loan broker and the power to order the loan broker to cease and desist whenever the broker has collected an advance fee, as defined by statute, or has willfully misrepresented the terms of his service contract or the contract of a lender.
The Nebraska Consumer Protection Act, among other things, prohibits certain unfair or deceptive acts or practices in the conduct of any trade or commerce (Neb.Rev.Stat. § 59-1602 (Reissue 1978)). The act's applicability is limited, however, by Neb.Rev.Stat. § 59-1617 (Supp. 1981) which exempts `actions or transactions otherwise permitted, prohibited, or regulated under laws administered by the Director of Insurance, the Public Service Commission, the federal power commission, or any other regulatory body or officeracting under statutory authority of this state.' (Emphasis supplied.)
In Kuntzelman v. Avco Financial Services of NebraskaInc., 206 Neb. 130, 291 N.W.2d 705 (1980), it was held that regulation of installment loan companies by the Department of Banking and Finance activated the aforementioned exemption section of the Consumer Protection Act and there is little question that regulation of loan brokers by the Department of Banking and Finance would do so as well.
The main question, then, will become one of what activities are regulated and which are still subject to the Consumer Protection Act. Kuntzelman, Id., involved an action by a private party against Avco under the Consumer Protection Act. It was alleged that Avco had violated the act by having the plaintiff reaffirm a debt which had previously been discharged in bankruptcy in the course of negotiating a new loan. Avco Claimed that its activities were exempt from the Consumer Protection Act as the company was regulated by the Department of Banking and Finance pursuant to the Installment Loan Act, Neb.Rev.Stat. §§ 45-114 et seq. (Reissue 1978). The Installment Loan Act required Avco to have a license, gave authority to the Department of Banking and Finance to inspect company records, permitted the Department to enact regulations governing the area, gave the Department power to order companies in violation of the act or Department regulations to cease and desist and prohibited false or misleading advertising by regulated companies as to rates, terms or conditions for the lending of money. At that time, however, nothing in the Act specifically prohibited Avco from causing a debtor to reaffirm a debt discharged in bankruptcy and the Department of Banking and Finance had apparently adopted no regulations in the area as the record was silent on this subject.
The court indicated in its opinion that just because a business was regulated generally, the Consumer Protection Act may still apply if the unfair or deceptive act or practice is not regulated. Nevertheless, the court proceeded to hold that the case fell within the exemption section of the Consumer Protection Act, primarily relying upon the power given to the Department of Banking and Finance to inspect business records, to order the company to cease and desist from conduct violative of the Installment Loan Act and the act's prohibition of false and misleading advertising concerning rates, terms or conditions for lending. It should be noted that even had an inspection of the company books and records revealed that the conduct which was the subject of the complaint had occurred, the Installment Loan Act at that time did not prohibit the conduct. Assuming there was no validly enacted regulation of the Department of Banking and Finance governing this conduct and assuming the absence of any advertising by Avco on the subject, it would appear that the Department of Banking would have been on less than solid ground in ordering the company to cease and desist from the activity.
Therefore, in light of the Kuntzelman holding, it is conceivable that not only does the Nebraska Consumer Protection Act have limited applicability to loan brokers due to the passage of LB 154, the loan broker bill, an area may exist where both the Consumer Protection Act and the act regulating loan brokers have questionable applicability.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Mark D. Starr Assistant Attorney General