[No. 1712-2.    Division Two.    August 9, 1976.]

WALTER C. CONNELLY, *Appellant*, v. PUGET SOUND COLLECTIONS, INC., ET AL, *Respondents*.

*Seth Armstrong*, for appellant.

*Theodore M. Johnson, Jr.*, and *Muscek, Adams, Baker & Rohrs*, for respondents.

PETRIE, C.J.—Plaintiff, Walter C. Connelly, appeals from a judgment which (1) awarded him a judgment against defendant Puget Sound Collections, Inc., in the amount of $107.64 (including costs incurred) on the theory that plaintiff had been injured by reason of defendant collection agency's commission of an act prohibited by RCW 19.16.250, Collection Agency Act, and therefore was entitled to damages specified under RCW 19.86.090, Consumer Protection Act; (2) awarded defendant collection agency a judgment against plaintiff in the amount of $83.26 for a debt owed by plaintiff to defendant agency's assignor; (3) permanently enjoined defendant agency and its agents from transmitting the following language, unmodified, to debtors prior to judgment or commencement of suit:

NOTICE OF INTENT TO GARNISHEE
You are hereby notified that you will be garnisheed unless payment is made to this office immediately;

and (4) awarded plaintiff judgment against defendant agency in the sum of $200 for attorney's fees.

The sole issue presented by plaintiff's appeal is the reasonableness of the trial court's award of attorney's fees. Specifically, the plaintiff assigns error to that portion of the trial court's "finding of fact" which provides:

That without certification of the class action, the allowance of attorney's fees is to be governed by the import of the case to plaintiff alone which justifies an attorney's fee of $200.00 based on the amount of damages awarded.

We hold that the trial court's conclusion as expressed in the challenged "finding of fact" is erroneous; that, by reason thereof, the trial court abused its discretion in setting the amount of attorney's fees; and that the reasonable award for attorney's fees at trial should be increased to $850.

Factors to be considered as guides in determining the reasonableness of an attorney's fee are set forth in (CPR) DR 2-106(B) as follows:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fee customarily charged in the locality for similar legal services.

(4) The amount involved and the results obtained.

(5) The time limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent.

Plaintiff asserts, and we agree, the primary accomplishment attained by bringing this suit is imposition of the restraining order. He contends, further, that the "novelty" of the question involved is manifest by the "first impression" determination that a violation of a prohibited practice under the Collection Agency Act may be restrained by an

action instituted by a "private attorney general" proceeding under the Consumer Protection Act. He contends that his attorney was required to expend approximately 40 hours of "time and labor" in order to prepare and present both a temporary and a permanent restraining order to the court. Additionally, he contends that the "difficulty" of the question is illustrated by reference to the then wording of the "exemption clause" of the Consumer Protection Act, RCW 19.86.170, as previously interpreted by several superficially adverse appellate decisions. *See, e.g., State v. Reader's Digest Ass'n,* 81 Wn.2d 259, 501 P.2d 290 (1972); *State v. Sterling Theatres Co.,* 64 Wn.2d 761, 394 P.2d 226 (1964); *Dick v. Attorney General,* 9 Wn. App. 586, 513 P.2d 568 (1973), *aff'd but restricted,* 83 Wn.2d 684, 521 P.2d 702 (1974); *Howell v. Kraft,* 10 Wn. App. 266, 517 P.2d 203 (1973) (petition for review granted but subsequently remanded for further findings by order dated April 3, 1975).

Defendant contends, and the trial court seems to have been under the impression, that much of plaintiff's counsel's efforts were unnecessary because defendant voluntarily permitted the entry of the temporary and permanent restraining orders. The record reflects that defendant contested the entry of the temporary order by filing a memorandum of authorities in opposition to plaintiff's motion and by approving the entry of the order, specifically by interlineation, "as to form only." The record does reflect that, in the trial court's words, at some point in time defendant's counsel "walked into my court and said we concede that an injunction should be entered . . . [e]njoining the use of this document, so there wasn't any issue on that." The record does not reflect, however, when this concession was made, whether it was communicated to plaintiff's counsel before trial, or whether the intended effect of that concession was that the defendant's violation of a prohibited act under the Collection Agency Act[1] was actionable under the

---

[1] Under the Collection Agency Act, it appears that only the attorney general or the local prosecuting attorney "may bring an action" to restrain a violation of that act. RCW 19.16.460.

Consumer Protection Act. Indeed, the defendant declares in its brief that it agreed that its notice of intent to garnishee violated only the Collection Agency Act. The trial court was called upon to decide and did decide that the Consumer Protection Act applied. In this court, the defendant does not challenge that determination.

When an injunction has been entered under the provisions of the Consumer Protection Act, the public interest is protected whether or not the action has been certified in a class action. *Hockley v. Hargitt*, 82 Wn.2d 337, 510 P.2d 1123 (1973). If actions by private attorneys general produce protection for everyone who might in the future be injured by a specific violation, then it follows that the reasonableness of the attorney's fee allowed under RCW 19.86.090 should be governed by substantially more than "the import of the case to plaintiff alone." Indeed, the award is not reasonable if it does not assure competent legal representation for the consumer. *See generally* Comment, *Reasonable Attorneys' Fees and Treble Damages— Balancing the Scales of Consumer Justice*, 10 Gonzaga L. Rev. 593 (1975).

We hold that the trial court's determination of the amount of attorney's fee was erroneous and constituted an abuse of discretion in view of the general purposes of the Consumer Protection Act. The evidence, as established by plaintiff's expert witness, an experienced trial counsel, indicates that $850 is a reasonable fee for adequate preparation and presentation of plaintiff's case at trial. We so hold.

On appeal, plaintiff seeks an additional fee for his attorney's preparation and presentation of the matter to this court. The sum of $750 is a reasonable amount for that purpose. It is allowed and so ordered together with taxable costs.

Judgment is modified as herein provided.

·PEARSON and REED, JJ., concur.