# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| DEBORAH EWING and KEVIN EWING, Husband and wife, | ) ) ) | No. 74773-8-I |
| Respondents, | ) ) ) | DIVISION ONE |
| v. | ) ) | |
| KATRINA E. GLOGOWSKI, an individual; THE GLOGOWSKI LAW FIRM, PLLC, a Washington professional limited liability Company; GREEN TREE SERVICING LLC, a Washington limited liability company; THE BANK OF NEW YORK, MELLON TRUST COMPANY, N.A., a national banking association; GREENPOINT MANUFACTURED HOUSING CONTRACT TRUST, PASS THROUGH CERTIFICATES SERIES 2000-5, a foreign business trust, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | PUBLISHED OPINION |
| Appellants. | ) | FILED: April 3, 2017 |

SPEARMAN, J. — Deborah Ewing filed a wrongful foreclosure lawsuit against Green Tree Servicing, LLC, (Green Tree) in which Ewing alleged, among other things, violations of the Consumer Protection Act (CPA), chapter 19.86 RCW and Deed of Trust Act (DTA), chapter 61.24 RCW. After protracted litigation, Green Tree made an offer of judgment to Ewing for $50,000 and reasonable attorney fees and costs. Ewing accepted the offer of judgment. The trial court awarded Ewing $246,307.50 in attorney fees after disallowing 125 hours for unsuccessful or wasteful activities and applying a 1.5 multiplier. Green Tree appeals the attorney fee award. We affirm the trial court in all respects and grant Ewing's request for attorney fees on appeal.

## FACTS

Deborah Ewing owned a home with a mortgage that was serviced by Green Tree Servicing, LLC. In spite of being current on payments, Ewing received a notice of default on her mortgage in June 2011. In the notice of default, trustee Katrina Glogowski of Glogowski Law Firm, PLLC alleged that Ewing failed to make payments from March through June 2011. In an attempt to save her home, Ewing sued Green Tree and Glogowski Law Firm in February 2012, but Glogowski nonjudicially foreclosed and sold the home.

With summary judgment motions pending, Ewing retained an attorney in March 2014. She amended the complaint to add defendants, causes of action under the Deed of Trust Act, Consumer Protection Act, and additional claims. In response, Green Tree threatened CR 11 sanctions unless Ewing's counsel dropped all causes of action except the CPA claim. Green Tree echoed this litigation position when it answered the amended complaint and requested $25,000 in sanctions against Ewing.

Ewing began propounding discovery against Green Tree and deposing witnesses. Likewise, Green Tree sought discovery and deposed Ewing and her witnesses. During this process, Green Tree first produced a copy of Ewing's promissory note with an attestation that the original note was lost. Included with the note was an allonge making the note payable to Bank of New York Mellon, signed by a Green Tree employee. It was later discovered that the person who signed the allonge was not an employee until after the foreclosure on Ewing's

2

home. The allegedly fraudulent allonge supported Ewing's theory that the note did not grant Green Tree authority to foreclose on her home.

Green Tree and codefendant Bank of New York Mellon Trust Company (BNYMTC) moved for summary judgment on February 9, 2015, seeking to dismiss all of Ewing's ten causes of action. Glogowski and Glogowski Law Firm joined this motion. On March 12, 2015, the trial court granted in part Green Tree and BNYMTC's summary judgment motion. The court dismissed Ewing's husband as a plaintiff and dismissed all claims as to BNYMTC. It dismissed all causes of action against Green Tree except for those under the DTA and CPA. The trial court also dismissed all causes of action against defendants Glogowski and Glogowski Law Firm except for the DTA cause of action. Ewing moved for reconsideration, which was denied. Green Tree moved to strike Ewing's jury demand. The request was denied but Green Tree was permitted to renew the motion upon narrowing of the issues.

Glogowski also moved for summary judgment to dismiss all claims against her personally. The trial court granted summary judgment as to Glogowski, but allowed the DTA claim against her firm to proceed.

In April 2015, Green Tree renewed its motion to strike the jury demand, to which the Glogowski Law Firm joined. The court denied the motion. Green Tree requested reconsideration, which was denied. In May, Green Tree requested a continuance of the trial, which Ewing opposed. The court granted the continuance. Ewing moved to compel discovery from Green Tree, which the court granted in part.

On May 27, 2015, Ewing amended her complaint for a second time, adding claims for fraud, punitive damages, and injunctive relief. On July 16, 2015, Green Tree moved for summary judgment against these newly added claims, and again sought dismissal of the DTA and CPA claims. The Glogowski Law Firm joined in Green Tree's motion for summary judgment. On July 31, 2015, Ewing cross-moved for summary judgment against Green Tree on her CPA and DTA claims, and against the Glogowski Law Firm for violations of the DTA. In a single order, the trial court dismissed Ewing's newly added claims, but denied Green Tree summary judgment on the DTA and CPA claims. Ewing's summary judgment motion as to her CPA and DTA claims against Green Tree was denied. But the trial court granted Ewing's summary judgment motion as to the Glogowski Law Firm, finding that it violated the DTA. Thus, Ewing's motion for summary judgment was granted in part and denied in part.

The parties mediated on September 11, 2015. Green Tree offered Ewing $40,000, while Ewing's final demand at mediation was $1,250,000.

On September 14, 2015, Green Tree successfully moved for judicial notice.[1] On September 18, 2015, Green Tree made a CR 68 offer of judgment for $50,000 plus reasonable and necessary costs, disbursements, and attorney fees. On September 25, Green Tree filed motions in limine in which the Glogowski Law Firm joined. Ewing accepted the offer of judgment on September 28, 2015.

---

[1] Green Tree requested that the court take judicial notice of facts from websites about the merger of Bank One, N.A. and JP Morgan Chase, N.A., and about Bank of New York Mellon's name change.

On February 12, 2016, the trial court entered a final judgment with a total attorney fee award of $246,307.50. Using the lodestar methodology, the trial court found that counsel's hourly rate of $250 for associates and $300 for partners was reasonable. The trial court struck 125 hours of associate attorney billed time for unsuccessful claims or theories, or for entries that were vague or blank. This resulted in a lodestar calculation of $147,035. The trial court applied a 1.5 multiplier and added in paralegal services for a total fee award of $246,307.50. Adding costs, the entire amount is $247,104.47.

Green Tree appeals this award.

## DISCUSSION

An appellate court will uphold an attorney fee award unless it finds the trial court manifestly abused its discretion. A trial court abuses its discretion when it exercises discretion on untenable grounds or for untenable reasons. Chuong Van Pham v. City of Seattle, 159 Wn.2d 527, 538, 151 P.3d 976 (2007).

The trial court uses the lodestar calculation to determine reasonable attorney fees. Berryman v. Metcalf, 177 Wn. App. 644, 660, 312 P.3d 745 (2013). The lodestar is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Id. at 660. The requesting attorney must provide reasonable documentation of their work performed. Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 597, 675 P.2d 193 (1983). The court limits the lodestar to hours reasonably expended. It "should therefore discount hours spent on unsuccessful claims, duplicated effort, or otherwise

unproductive time." Id. at 597. After the lodestar is calculated, the court may adjust it up or down to reflect factors not considered in the lodestar.

Green Tree argues that the amount of the trial court's award of attorney fees was in error because the trial court did not exclude enough hours for unsuccessful work, and did not account for Ewing's "unreasonable" settlement and litigation posture.

Green Tree identifies 249.6 hours that Ewing's attorneys spent on unsuccessful and unsupportable work. The trial court discounted 125 hours for unsuccessful and unsupportable work in several areas:

> Work done to amend the complaint to add claims which were eventually dismissed should not be included. Work done to oppose defense motions for summary judgment which resulted in dismissal of claims or parties should not be included. Work on motions in limine and the motion for judicial notice was mostly unsuccessful and only some of that work should be compensated. And there are a few entries which cannot be attributed because they are vague or blank. In all, I have found approximately 125 hours billed at the associate's rate that should be stricken from the attorney's fees.

Clerk's Papers (CP) at 820. Here, the trial court was presented with over thirty pages of detailed billing records from Ewing's attorneys, which had been reviewed and annotated by Green Tree's attorney. These records reflected work on a large number of motions for which the trial court reviewed briefing, heard argument, and issued orders. Well situated in this respect, the court made specific findings that some of Ewing's attorney's hours were spent on unsuccessful and partially successful activities, and granted full, partial, or no credit for hours spent on such activities. The court established an adequate record for review, and did not abuse its discretion by discounting 125 hours for

unsuccessful claims, duplicated effort, or otherwise unproductive time. This disallowance includes any alleged litigation "unreasonableness" by Ewing, because any such behavior would be reflected in unsuccessful or unproductive work and disallowed.

We also reject Green Tree's argument that the fee award should be reduced for unreasonableness in settlement. Evidence of conduct or statements made in negotiations is not admissible to prove the validity of the claim or its amount. ER 408. Evidence of settlement negotiations of an underlying claim are not admissible as to proving attorney fees for that claim.[2] Humphrey Indus., Ltd. v. Clay St. Assocs., LLC, 170 Wn.2d 495, 508, 242 P.3d 846 (2010). Ewing's settlement conduct is not admissible, so the trial court did not abuse its discretion by not factoring it into the lodestar calculation.

Green Tree next contends that the trial court abused its discretion by finding that the time that Ewing's counsel spent pursing claims against Glogowski could not be segregated from the claims against Green Tree.

"If attorney fees are recoverable for only some of a party's claims, the award must properly reflect a segregation of the time spent on issues for which fees are authorized from time spent on other issues," even where the claims overlap or are interrelated. Mayer v. City of Seattle, 102 Wn. App. 66, 79–80, 10 P.3d 408 (2000) (citing Dash Point Village Assoc. v. Exxon Corp., 86 Wn. App.

---

[2] Green Tree suggests that evidence of Ewing's conduct in settlement negotiations could go toward whether she was acting in good faith, as provided by Matteson v. Ziebarth, 40 Wn.2d 286, 242 P.2d 1025, 1029 (1952). But Matteson is a case under the Washington Limited Liability Corporation Act, which has a good faith fee provision that is not relevant to determining attorney fee awards in this case.

596, 611, 937 P.2d 1148 (1997)); Loeffelholz v. Citizens for Leaders with Ethics & Accountability Now (C.L.E.A.N.), 119 Wn. App. 665, 690, 82 P.3d 1199 (2004). The trial court must also segregate time spent litigating claims against codefendants. But segregation of attorney fees is not required if the trial court determines that the claims are so related that no reasonable segregation can be made. Loeffelholz, 119 Wn. App. at 691.

In a wrongful foreclosure case under the CPA, a beneficiary can face liability for the actions of its trustee. Klem v. Washington Mut. Bank, 176 Wn.2d 771, 790, 295 P.3d 1179 (2013). Where the beneficiary so controls the trustee so as to make the trustee a mere agent of the beneficiary, then as principal, the beneficiary may be liable for the acts of its agent. Id. at 791 n.12. A beneficiary can also face liability for the actions of its trustee under the DTA. Walker v. Quality Loan Serv. Corp., 176 Wn. App. 294, 313, 308 P.3d 716 (2013). In her DTA cause of action, Ewing alleged that trustee Glogowski failed to exercise good faith, independence, and neutrality where they also provided services for Green Tree. At oral argument, Green Tree conceded its potential liability for the Glogowski Law Firm's DTA's violation. Under Klem and Walker, Green Tree and Glogowski's liability was interdependent. It was a proper exercise of the trial court's discretion to not segregate time on claims against them.

Green Tree next argues that the trial court erred in its adjustment of the lodestar. It argues that the fee award should have been adjusted downward because it was grossly disproportionate to the underlying judgment, and that the trial court should not have awarded the multiplier.

8

After calculating the lodestar, the trial court may adjust it up or down based on factors not yet taken into consideration. Bowers, 100 Wn.2d at 598. These factors include the contingent nature of success (the risk factor) and the quality of work performed. Id. "In adjusting the lodestar to account for this risk factor, the trial court must assess the likelihood of success at the outset of the litigation." Id.

In assessing the reasonableness of a fee request, a vital consideration is "the size of the amount in dispute in relation to the fees requested. Scott Fetzer Co. v. Weeks, 122 Wn.2d 141, 150, 859 P.2d 1210 (1993). But an appellate court "'will not overturn a large attorney fee award in civil litigation merely because the amount at stake in the case is small.'" Berryman, 177 Wn. App. at 660 (quoting Mahler v. Szucs, 135 Wn.2d 398, 433, 957 P.2d 632 (1998)). In determining the amount of an award, the court must consider the purpose of the statute allowing for attorney fees. Fetzer, 122 Wn.2d at 149. "[W]hen litigation under the Consumer Protection Act produces protection for everyone who might in the future be injured by a specific violation, then it follows that the reasonableness of the attorney's fee should be governed by substantially more than the import of the case to the plaintiff alone." Berryman, 177 Wn. App. at 674 (citing Connelly v. Puget Sound Collections. Inc., 16 Wn. App. 62, 65, 553 P.2d 1354 (1976)).

Here, the trial court applied a 1.5 multiplier to the lodestar. In doing so, the court considered declarations by parties' counsel and other practicing attorneys that discussed the contingencies involved in the litigation. The trial court awarded

a 1.5 multiplier because of the significant risk that they would never be compensated for their work, the remedial nature of the CPA and DTA, and to encourage representation of clients with claims under those statutes. The trial court did not abuse its discretion by awarding attorney fees with a multiplier far greater than the underlying judgment.

Green Tree also contends that the trial court erred by not considering whether the hourly rate of Ewing's counsel already compensated them for the risk of this contingency fee case. The record does not indicate that the attorney's fee did factor in the contingency. The mere absence of a finding on this fact does not justify overturning a fee award.[3] Somsak v. Criton Techs./Heath Tecna, Inc., 113 Wn. App. 84, 98-99, 52 P.3d 43 (2002). The trial court did not abuse its discretion by applying the 1.5 multiplier.

Finally, Green Tree argues, without citation to caselaw, that the disproportionate award is a disincentive to making an offer of judgment under CR 68. It argues that as a matter of policy, disproportionate awards pursuant to CR 68 should be reversed. Green Tree fails to explain how concerns about disproportionate awards under CR 68 are not adequately addressed by the exercise of discretion within the lodestar calculation and a downward and upward adjustment. We decline Green Tree's invitation to create a rule capping attorney fees awarded pursuant to an offer of judgment.

---

[3] Green Tree cites McGreevy v. Oregon Mut. Ins. Co., 90 Wn. App. 283, 951 P.2d 798 (1998), which remanded a fee award to the trial court based on several factors while also noting that the trial court did not have sufficient evidence that the hourly rate did not take the contingency arrangement into account.

Attorney fees on appeal

Ewing additionally requests an award of attorney fees on appeal under RCW 19.86.090.[4] That provision grants attorney fees to a person injured by a violation of the CPA who brings a civil action to recover his or her damages. Because Ewing prevails on appeal, we award her appellate fees.

Affirmed.

WE CONCUR:

_Spearman, J._

_Hollinger, J_

_Becker, J._

---

[4] Green Tree argued in opposition to an award of appellate fees for the first time at oral argument. They contended that appellate fees could not be awarded under their CR 68 offer of judgment, which authorized attorney fees only through the date of their offer of judgment, September 18, 2015. We decline to consider an argument made for the first time at oral argument.