IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| SE BOISE BOAT & RV STORAGE, LLC, an Idaho limited liability company, and A BOISE PROJECT, LLC, an Idaho limited liability company, | ) ) ) ) ) | No. 79618-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |
| Appellants, | ) ) | |
| v. | ) ) | |
| JAY GRAHAM, and CORINNE GRAHAM, a married couple, | ) ) ) | |
| Respondents. | ) ) ) | |

HAZELRIGG, J. — Idaho business entities SE Boise Boat & RV Storage, LLC and A Boise Project, LLC (collectively BBRV) sued Idaho residents Jay and Corrine Graham (the Grahams) in King County alleging claims based on BBRV's operating agreement. The trial court granted the Grahams' motion to dismiss based on improper venue and, applying the lodestar method, awarded them $21,880.20 in attorney fees and costs. BBRV asserts that the trial court abused its discretion in failing to segregate time and limit the fee award to hours reasonably expended. We affirm and also grant the Grahams request for attorney fees on appeal.

FACTS

BBRV comprises two Idaho business entities formed for the purpose of purchasing and developing real property in Ada County, Idaho and operating a storage facility at that property. The Grahams are residents of Idaho and members of BBRV. The operating agreement for BBRV contains a clause designating Ada County, Idaho as the location for venue.

On June 27, 2018, eight of BBRV's ten members, without notice to the Grahams, agreed to amend the operating agreement to change the location for venue to King County, Washington. BBRV then filed suit in King County against the Grahams alleging breach of fiduciary duty, breach of duties of good faith and fair dealing, breach of contract, and dissociation of the Grahams from BBRV. The Grahams filed a motion to dismiss all claims for lack of personal jurisdiction, lack of subject matter jurisdiction, improper venue, and failure to state a claim. In its opposition to the Grahams' motion to dismiss, BBRV disclosed the operating agreement amendment and asserted that venue in King County was now proper. In reply, the Grahams argued that BBRV's secret attempt to amend the operating agreement was illegal under Idaho law.

On January 4, 2019, the trial court granted the Grahams' motion to dismiss on the basis that "[v]enue is not proper in this court under the governing operating agreement." The Grahams then moved for an award of $21,880.20 in attorney fees and costs based on the BBRV operating agreement, RCW 4.28.185(5), and equitable considerations. The motion included a request for 62.24 hours of attorney time at an hourly rate of $290 for Washington counsel Patrick Bageant,

and 15.10 hours of attorney time at an hourly rate of $210 for Idaho counsel Thomas J. Lloyd.

On January 23, 2019, the trial court entered findings of fact and conclusions of law in support of its order awarding attorney fees and costs to the Grahams. The court found that each of BBRV's claims was an attempt to enforce or interpret the BBRV operating agreement, and that dismissal of those claims entitled the Grahams to reasonable attorney fees as the prevailing party under the language of that contract.[1]  The court further found that the Grahams were entitled to fees under RCW 4.28.185(5).[2]  Applying the lodestar method, the court then found that the amount of attorney fees and costs claimed by the Grahams was reasonable. The court entered the following pertinent findings:

> With respect to Hollystone Law's time, $290 is an extremely reasonable rate based upon the qualifications and experience of the relevant timekeeper, and the nature of the legal analysis required by the Plaintiff's claims.
> . . . .
> Similarly, 62.24 hours was a reasonable amount of time to review the record, research and prepare two legal briefs on a motion to dismiss, and prepare for, attend, and argue the motion itself. This amount of time is particularly fair in that it does not reflect the actual time spent. It does not, for example, include time spent by all time keepers and it does not even include all time spent by the primary timekeeper.
> . . . .
> With respect to Elam & Burke's time, $210 is a reasonable rate in Boise, Idaho, and an extremely reasonable rate in Seattle, Washington, based upon the qualification and experience of the

---

[1] The BBRV operating agreement provides: "In the event any Proceeding is commenced for the purpose of interpreting or enforcing any provision of this Agreement, the prevailing party in such Proceeding shall be entitled to recover a reasonable attorneys' fee in any such Proceeding or any appeal thereof in addition to the costs and disbursements allowed by law."

[2] RCW 4.28.185(5) provides: "In the event the defendant is personally served outside the state on causes of action enumerated in this section, and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees."

relevant timekeeper, and the nature of the work Plaintiffs' claims required . . . . As to the amount of time spent, 15.1 hours—which represents only some but not all of the actual time devoted to this matter—is a more-than-fair basis upon which to calculate a lodestar for [ ] the work [that] Elam & Burke did.
. . . .
Finally, no adjustment is warranted. The quality of Defendants' counsel's work is on par with or above the work produced by other counsel working at the same rate.

Accordingly, the court awarded $21,880.20 to the Grahams, the full amount they requested. BBRV appealed the fee award.

ANALYSIS

BBRV does not challenge the legal basis for awarding fees and costs to the Grahams as the prevailing party. Rather, it asserts that the amount awarded was manifestly unreasonable. We disagree.

The trial court may award attorney fees only when authorized by statute, contract, or recognized ground of equity. Panorama Vill. Condo. Owners Ass'n Bd. of Dirs. v. Allstate Ins. Co., 144 Wn.2d 130, 143, 26 P.3d 910 (2001). Whether a trial court is authorized to award attorney fees is a question of law reviewed de novo. Gander v. Yeager, 167 Wn. App. 638, 646, 282 P.3d 1100 (2012). When attorney fees are authorized, we will uphold the attorney fee award absent a manifest abuse of discretion. Mahler v. Szucs, 135 Wn.2d 398, 435, 957 P.2d 632 (1998) (overruled on other grounds by Matsyuk v. State Farm Fire & Cas. Co., 173 Wn.2d 643, 272 P.3d 802 (2012)). A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds. Mayer v. Sto Indus., Inc., 156 Wn.2d 677, 684, 132 P.3d 115 (2006).

Trial courts apply the lodestar method of calculating reasonable attorney fees. Ewing v. Glogowski, 198 Wn. App. 515, 521, 394 P.3d 418 (2017). The court determines the number of hours reasonably expended in the litigation based on documentation of the work performed and the attorney who performed the work. Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 597, 675 P.2d 193 (1983). "[T]he party seeking fees bears the burden of proving the reasonableness of the fees." Mahler, 135 Wn.2d at 434. The court may adjust the lodestar up or down to reflect factors not considered in the lodestar. Ewing, 198 Wn. App. at 521. To provide an adequate record for review, the court must enter findings of fact and conclusions of law in support of the award. Fiore v. PPG Indus., Inc., 169 Wn. App. 325, 351, 279 P.3d 972 (2012).

BBRV asserts that the trial court erred in failing to require segregation of hours, inconsistent with its duty to discount hours that are unreasonable under controlling standards. It contends that it was improper for the trial court to determine that 77.34 hours of attorney time was reasonable and to grant the full amount of requested fees where the Grahams raised multiple alternative grounds for dismissal but prevailed only on their venue argument.

"In determining the number of hours reasonably expended, the court 'should discount hours spent on unsuccessful claims, duplicated or wasted effort, or otherwise unproductive time.'" Fiore, 169 Wn. App. at 352 (quoting Chuong Van Pham v. City of Seattle, Seattle City Light, 159 Wn.2d 527, 538, 151 P.3d 976 (2007). However, "[w]here a party achieves 'substantial relief' on the basis of a set of claims involving 'a common core of facts and related legal theories,' it is not

necessary to reduce the party's attorney fees simply because the court did not adopt each contention raised." Hous. Auth. of City of Seattle v. Bin, 163 Wn. App. 367, 378, 260 P.3d 900 (2011). "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." Bright v. Frank Russell Invest., 191 Wn. App. 73, 80, 361 P.3d 245 (2015) (quoting Hensley v. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)) (emphasis omitted).

Here, the Grahams sought and successfully obtained dismissal of BBRV's claims, all of which stemmed from BBRV's attempt to enforce or interpret the parties' operating agreement. The court did not reject any of the Grahams' arguments. They were entitled to defend against BBRV's claims on every non-frivolous argument available. In awarding attorney fees and costs to the Grahams as the sole prevailing party, the trial court was not required to limit the award to hours spent on the one defense on which it based its decision. Moreover, the trial court found that the amount requested was "particularly fair in that it does not reflect the actual time spent." The trial court did not abuse its discretion in declining to further segregate the fee award where the record shows counsel segregated the petition before submitting it.

BBRV further contends that the fee award was excessive because a venue ruling is purely procedural and does not resolve the issues on the merits. But the BBRV operating agreement provides for an award of fees to the prevailing party in any "[p]roceeding [ ] commenced for the purpose of interpreting or enforcing any

6

provision of this Agreement." Dismissal on the merits is not required. Moreover, defendants need not prevail on the merits to be entitled to fees under RCW 4.28.185(5). Voicelink Data Servs., Inc. v. Datapulse, Inc., 86 Wn. App. 613, 626-28, 937 P.2d 1158 (1997).

BBRV next argues that the trial court should have discounted time expended defending its breach of fiduciary duty claim, which may eventually be resolved through litigation in Ada County, Idaho or in federal court in Boise. "It is appropriate to discount work which could be useful in ancillary or parallel litigation." Absher Const. Co. v. Kent School Dist. No. 415, 79 Wn. App. 841, 847, 917 P.2d 1086 (1995). But BBRV does not assert that the Grahams are party to any pending litigation, and counsel for the Grahams are not involved in any other case in which BBRV is a party. We cannot say the trial court abused its discretion in declining to discount the fee award on the basis that the Grahams might eventually need to defend a breach of fiduciary duty claim.

Lastly, BBRV asserts that the award, which included hours billed by two attorneys, unreasonably compensated the Grahams for duplicated effort and overstaffing. But the Grahams were forced to hire Washington counsel solely because BBRV improperly attempted to amend the venue clause in the operating agreement to bring the case in King County. The additional hours were not duplicative or wasteful.

The Grahams and BBRV each request an award of attorney fees on appeal based on the operating agreement, RCW 4.28.185(5), and RAP 18.1. "Reasonable attorney fees are recoverable on appeal if allowed by statute, rule, or

contract" and properly requested under RAP 18.1. <u>In re Guardianship of Wells</u>, 150 Wn. App. 491, 503, 208 P.3d 1126 (2009). Because the Grahams prevail on appeal, they are entitled to fees and costs upon compliance with RAP 18.1(d).

Affirmed.

WE CONCUR: