# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MARVIN OLSEN and YOUNG IM OLSEN, husband and wife, | No. 54779-1-II |
| Appellants, | |
| v. | |
| H. GARY WALLIS and MONIQUE M. WALLIS, husband and wife, | UNPUBLISHED OPINION |
| Respondents. | |

GLASGOW, J.—In 1978, Marvin Olsen and H. Gary Wallis were law partners who entered into a contract giving each 50 percent ownership of a rental property. They had a falling out, and a lawsuit resulted in an arbitration award and a judgment requiring the parties to share equally in rents and expenses of the property. After an appeal, Wallis paid Olsen back due rent and interest, and the parties filed a satisfaction of judgment.

Postjudgment, Wallis stopped paying Olsen his share of rent, so Olsen sought to enforce the judgment. The trial court issued an order granting in part and denying in part Olsen's requests for additional amounts owed to him. On appeal, Olsen argues about the calculation of rent and property tax credits for time periods covered by the satisfaction of judgment. Olsen also challenges the trial court's calculation of the interest owed by Wallis. Finally, Olsen contends that the trial court abused its discretion by awarding him only $3,100.00 in attorney fees. Both parties seek attorney fees on appeal.

No. 54779-1-II

We remand for correction of paragraph 6 of the trial court's order on reconsideration to provide that Olsen owed Wallis 50 percent of the property taxes actually paid on the property from December 1, 2017 (the first day not covered by the satisfaction of judgment) through 2019 less any penalties and interest owed due to late payment by Wallis. The trial court should not amend any other portion of paragraph 6. We otherwise affirm the trial court's order on reconsideration. We affirm the trial court's award of attorney fees, and we deny the parties' requests for attorney fees on appeal.

FACTS

A.      Background and Lawsuit

Olsen and Wallis were law partners who entered into a real estate contract in 1978 that granted each of them 50 percent ownership of both the law firm's office building and a residential rental property. In 2000, Olsen was disbarred for misappropriating client funds. Wallis was reprimanded for partially covering up the misappropriation. Although this ended the parties' professional relationship, their joint ownership of the properties continued. Olsen vacated the law firm's office and stopped paying any expenses associated with either property. Wallis paid all expenses on both properties.

More than a decade later, Olsen filed a lawsuit against Wallis, seeking "the reasonable rental value of his share of the office building, half of the rent received from the rental property, judgment for half of the properties' value by way of partition, prejudgment interest on amounts due, and reasonable attorney fees." *Olsen v. Wallis*, No. 48654-7-II, slip op. at 2 (Wash. Ct. App. Mar. 14, 2017) (unpublished) https://www.courts.wa.gov/opinions/pdf/D2%2048654-7-II%20Un published%20Opinion.pdf. The parties stipulated to arbitration.

2

The arbitrator ruled that Wallis would take sole possession of the office building. The arbitrator also ruled that Wallis and Olsen would equally own the rental property as tenants in common, with the parties "shar[ing] equally any associated expenses and rents received." Br. of Resp't, App. 1, at 4. The trial court confirmed the award and entered final judgment in February 2016 against Wallis. The relevant portion of the judgment stated,

> The court enters Judgment in favor of [Olsen] and against [Wallis] in the amount of . . . $11,867.70 for [Olsen's] net share of the rent on the rental house ($425.00 per month less $120.70 [1/2 of the average monthly taxes and insurance on the rental house $241.40] or a net $304.30 per month) for December, 2012 through February, 2016.

Clerk's Papers (CP) at 2. Going forward, if Olsen's share of the rent was not paid to him by the 10th of the month, the judgment provided that he could bring a motion to obtain judgment for the unpaid rent and reasonable attorney fees. The judgment also provided that the trial court was retaining jurisdiction to resolve other matters by simple motion.

Olsen appealed the order confirming the arbitrator's award to this court, claiming several errors. We affirmed, finding no error on the face of the arbitrator's award, and we issued a mandate terminating review in April 2017. *Olsen*, No. 48654-7-II, slip op. at 12. After a series of negotiations regarding the appropriate amount due under the judgment, Olsen signed a satisfaction of judgment, which was entered on December 28, 2017, acknowledging receipt of rent from the property through November 2017. The satisfaction of judgment did not mention property taxes or any other expenses.

B.      Motion for Arrears and Attorney Fees

Wallis immediately failed to make further payments to Olsen for the rental property for several months. Wallis also neglected to pay property taxes on the rental property beginning in

3

June 2014, but he paid the overdue taxes in June 2017. He then made a single payment in June 2018 of $1,000.00 to Olsen for the rent due.

Olsen brought a motion under the existing cause number in January 2020 seeking $12,696.66 in arrears and interest, and $3,100.00 in attorney fees. After the motion was filed, Wallis paid property taxes in January 2020.

Wallis then submitted two CR 68 offers of judgment, one on February 3, 2020 (for a judgment of roughly $3,600.00 plus interest and $2,100.00 in attorney fees) and the other on February 21, 2020 (for a total judgment of $11,000.00 that included attorney fees and interest). Olsen did not accept either offer of judgment.

Olsen's counsel then submitted a declaration seeking about $4,900.00 in additional attorney fees. Counsel justified the fee request by asserting that "[a]ll of these fees would have been avoided if [Wallis] had kept [Olsen] informed of the expenses and rental increase and had [Wallis] paid the share of the rent when . . . it was received." CP at 64. That same day, Olsen filed a declaration making several arguments about money owed for insurance, repairs, taxes, and the amount of rent due. Olsen also claimed that he had been "defrauded for the rent from August, 2017 through November, 2017," a time period covered by the prior satisfaction of judgment. CP at 57. In support, Olsen submitted declarations from the tenants stating that the rent had increased to $950.00 per month in August 2017.

At a hearing in March 2020, the trial court heard argument on several issues, including the rent increase. The trial court ordered Wallis to immediately make a payment to Olsen of $3,281.30, the amount Wallis conceded he owed.

After additional briefing, the trial court resolved the remaining issues. The trial court issued an order awarding Olsen an additional $3,222.71 as back rent plus interest for December 2017 through February 2020, less credits for property taxes, insurance, and previous payments, and $3,000.00 in attorney fees. The trial court stated that it calculated the interest due "per [Olsen's] spreadsheet" that had been submitted to the court. CP at 183. The trial court concluded that CR 68 regarding offers of judgment did not apply because this was an action to enforce a preexisting judgment, not a settlement of a lawsuit.

Olsen filed a motion for reconsideration. Olsen contested the trial court's math, sought additional rent predating the December 2017 satisfaction of judgment because he "only learned of this [rent] increase after this motion was filed," and requested additional rent through May 2020. CP at 186-87. Olsen's counsel also filed a declaration seeking an additional $270.00 in attorney fees, for a total attorney fees request of "$7,919.25 plus time for preparation and attendance at the hearing." CP at 180 (boldface omitted).

The trial court granted Olsen's motion for reconsideration in part, finding,

> 1. That [Wallis] owed the total sum of $475 per month for a total of 28 months (December l, 2017 through March 2020) in the amount of $13,300. . . . The court only focused on back rent owed from December 1, 2017 as that was the request of the Motion at issue brought in January 2020.
>
> . . . .
>
> 4. That accrued interest through March 18, 2020, was $1,253. On that date, [Wallis] paid the February and March 2020 rent and had previously paid all property taxes owed. Therefore, as of that date, Plaintiffs were brought current.
>
> 5. That interest is not awardable after March 18, 2020 as all property taxes were paid as of that date and with the payments made in March 2020 and thereafter, rent was kept current.

6. That [Olsen is] obligated to pay to [Wallis] 50% of property taxes actually paid on the property for tax years 2016 through 2019 less any penalties and interest owed due to late payment by [Wallis] in the total amount of $5,036.60 (excludes all penalties and interest paid) and $777 for 1st half 2020 paid in April 2020 and property insurance premiums paid in the amount of $809.

7. That the previous $3,000 awarded as attorney fees, adjusted to $3,100 per Plaintiff's initial request is an appropriate sum under the totality of circumstances.

8. That any credits for rental expenses are not included within this Order and are governed by the terms of the February 25, 2016 Judgment and Order.

CP at 260-61. The trial court credited Wallis $594.00 for insurance, $3,281.30 for the prior payment, and $950.00 for payment of rent for February and March 2020. After applying the credits, the trial court awarded Olsen a total of $2,914.10 before attorney fees. The trial court also increased the award of attorney fees to Olsen to $3,100.00, acknowledging that amount "was the amount requested by [Olsen] in [his] initial January 2020 motion" and further noting that Wallis had expressed his willingness to pay Olsen what Wallis believed he owed "throughout these proceedings." CP at 260. The trial court also noted "the considerable attorney fees and expenses incurred on both sides in this dispute." *Id.*

Olsen appeals, contesting the amount of back rent owed, the property tax credit, the interest calculation, and the calculation of attorney fees.[1] Both parties seek attorney fees on appeal.

---

[1] Both parties spend several pages discussing the credits for insurance payments, but because Olsen asserts in his opening brief that he is not challenging the insurance credit, we do not discuss that issue.

ANALYSIS

I. TRIAL COURT CALCULATIONS

A,     Back Rent and Property Taxes

Olsen seeks to have this court increase the principal of the final and satisfied judgment by $200.00 to reflect a rent increase he was previously unaware of from August 2017 to December 2017. Wallis counters that Olsen provided constantly changing and inconsistent calculations for the amount of back rent due, meaning that the trial court had to independently calculate the proper amount, which was within its discretion. Olsen's argument fails.

The final judgment that Olsen seeks to revisit with this argument is not the decision that he appealed in this case. The 2016 judgment has long been final and satisfied. The satisfaction of judgment filed in December 2017 "acknowledge[d] receipt of rent for the property still owned in common through November, 2017." CP at 4. Under the doctrine of res judicata, Olsen "could not request that the trial court revisit the [judgment] in the absence of a CR 60 motion," and he filed no such motion. *In re Marriage of Weiser*, 14 Wn. App. 2d 884, 911, 475 P.3d 237 (2020).

This case is an appeal of the trial court's postjudgment order and order on reconsideration expressly addressing amounts due to Olsen *after* December 1, 2017. The orders on appeal expressly did not address rent covered in the 2016 judgment or the 2017 satisfaction of that judgment. In other words, Olsen now asks this court to reopen a judgment that has already been appealed to this court, affirmed, mandated, and declared satisfied in December 2017. The satisfied judgment is not a decision we can reopen in this appeal.

Moreover, the trial court explained in its order on reconsideration that it was limiting its review of the rent issue to "back rent owed from December 1, 2017 as that was the request of the

7

Motion at issue brought January 2020." CP at 260. The trial court did not abuse its discretion by refusing to consider Olsen's claim for additional rent from before that date where the issue was not raised in the original motion and Olsen's argument below did not address the CR 60(b) standards for reopening a final judgment.

Olsen also disputes the trial court's calculation of the property tax credited to Wallis and thereby subtracted from the amount owed to Olsen in rent. Olsen contends that the payment that resulted in the satisfaction of judgment included a credit for property taxes for all of 2016 and 2017, and that the trial court's 2020 order improperly duplicated some of Wallis's credit for 2016 property taxes.[2] Wallis counters that Olsen's assertions are based on inadmissible settlement negotiation letters and that the trial court's finding was consistent with the language of the satisfaction of judgment.

The trial court's order on reconsideration reaches back to address property tax credits for a time period covered by the satisfaction of judgment. The satisfaction of judgment indicated that rent owed through November 2017 had been paid, thus satisfying the 2016 judgment through November 2017. Although the satisfaction of judgment did not specifically address property taxes, the credit for payment of property taxes was part of the calculation of the amount of rent due to Olsen. Therefore the satisfaction of judgment is equally effective in fully resolving the credit for property tax payments that is embedded in the rent payments from Wallis to Olsen. To the extent

---

[2] To support his claim that the satisfaction of judgment included credits for property taxes through November 2017, Olsen offered the trial court a pair of letters exchanged by the parties' counsel in 2017 discussing the amount required for satisfaction. But settlement offers and negotiations are generally inadmissible under ER 408. The trial court did not rely on the letters, and neither do we. *See Duckworth v. Langland*, 95 Wn. App. 1, 5-6, 988 P.2d 967 (1998) (holding that trial court properly excluded a letter written by one of the defendants to the plaintiff, offering to pay the plaintiff $35,000).

the trial court's order on reconsideration addressed property tax credits for the time period covered by the satisfaction of judgment, that was error.

We therefore remand for correction of paragraph 6 of the order on reconsideration to provide that Olsen is obligated to pay Wallis 50 percent of the property taxes actually paid on the property from December 1, 2017 (the first day not covered by the satisfaction of judgment) through 2019 less any penalties and interest owed due to late payment by Wallis. The trial court need not amend any other portion of paragraph 6.

B.      Interest Calculation

Olsen challenges the trial court's calculation of the interest on the principal debt and complains that the trial court does not explain its calculation. Wallis responds that the trial court stated in its findings its rationale for concluding that interest stopped accruing when Wallis had paid all past due rent. Wallis emphasizes the trial court's statement that its calculations were based on the spreadsheet produced by Olsen's counsel.

Under the invited error doctrine, "a party may not materially contribute to an erroneous application of law at trial and then complain of it on appeal." *In re Dependency of A.L.K.*, 196 Wn.2d 686, 694-95, 478 P.3d 63 (2020). The invited error doctrine "applies when a party takes affirmative and voluntary action that induces the trial court to take an action [the] party later challenges on appeal." *Grange Ins. Ass'n v. Roberts*, 179 Wn. App. 739, 774, 320 P.3d 77 (2013).

Here, the trial court expressly relied on Olson's spreadsheet for the amount of prejudgment interest in its order and it did not amend this conclusion in its order on reconsideration. The $1,253.00 prejudgment interest calculation also can be reconstructed by reference to the spreadsheet that Olsen submitted to the court. And the trial court's findings in its order on

9

reconsideration recited above explain its reasoning. Any error in the calculations was invited by Olsen's "affirmative and voluntary action" providing the trial court with the spreadsheets that the trial court relied on. *Id.*

## II. TRIAL COURT'S AWARD OF ATTORNEY FEES

Olsen contests the trial court's award of $3,100.00 in attorney fees, arguing that the award should be increased to $7,919.25. Wallis defends the trial court's award, emphasizing that Olsen's initial motion requested only $3,100.00 in attorney fees. Wallis further argues that CR 68, the offer of judgment rule, applies and that Olsen does not qualify as a prevailing party under CR 68 because he rejected Wallis's offer of judgment and was awarded a lesser amount. Consequently, Wallis argues that he, not Olsen, was the prevailing party below and that Wallis seeks an award of attorney fees under CR 68 from the date of the offer of judgment forward.

A.      Award to Olsen

The 2016 judgment provided, "If rent is not paid by the 10th of the month [Olsen] may . . . obtain judgment for the rent against [Wallis], and reasonable legal fees." CP at 3. This court reviews both a trial court's decision to award attorney fees and the reasonableness of the fee award for abuse of discretion. *Cook v. Brateng*, 180 Wn. App. 368, 375, 321 P.3d 1255 (2014). We will hold that a trial court has abused its discretion when the decision was based on untenable grounds or for untenable reasons. *Id*. The trial court may limit its consideration to "hours reasonably expended" and "[t]he requesting attorney must provide reasonable documentation of their work performed." *Ewing v. Glogowski*, 198 Wn. App. 515, 521, 394 P.3d 418 (2017). A trial court need not compensate a party for every penny spent litigating a case. *See, e.g.*, *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 744, 733 P.2d 208 (1987) ("The amount actually spent by the

plaintiff's attorney may be relevant, but it is in no way dispositive."). "In determining an award of attorney fees, the trial court may not rely solely on counsel's fee affidavits." *SentinelC3, Inc. v. Hunt*, 181 Wn.2d 127, 144, 331 P.3d 40 (2014).

Olsen requested $3,100.00 in attorney fees in his initial motion in January 2020 and his attorney filed a declaration with attached bills. In February 2020, Olsen's counsel filed additional documentation seeking a total of $7,649.25 in attorney fees, and another declaration filed in April 2020 increased the request to $7,919.25. The trial court initially granted $3,000.00 in attorney fees to Olsen "incurred in the initiation of [a] motion to collect rents owed and in recognition of the fact that neither the back rent nor property taxes had yet been paid until late January 2020 after this motion was initiated." CP at 184. In his motion for reconsideration, Olsen sought to increase the award to "the attorney[] fees actually incurred to prosecute this matter," noting that the "fees are documented to the penny." CP at 190.

The trial court's order on reconsideration adjusted the award of attorney fees to $3,100.00, but expressly commented on Wallis's expressed willingness to pay Olsen what Wallis believed he owed "throughout these proceedings," and noting "the considerable attorney fees and expenses incurred on both sides." CP at 260. Olsen was seeking almost $8,000.00 in attorney fees for a net judgment of approximately $3,200.00. Although the trial court did not enter detailed findings regarding the calculation of fees, the trial court did consider the fees incurred on both sides, and Wallis's attempt to resolve the matter expeditiously. Upon reconsideration, the total judgment in this case amounted to $2,914.10—$200.00 less than the award of attorney fees. Because the judgment provided for "reasonable legal fees," the trial court had discretion to determine what was reasonable in light of the circumstances of this case. CP at 3. As discussed above, we are remanding

for a correction in paragraph 6, but that does not warrant any change in the attorney fees awarded below. Thus, we hold that the trial court did not manifestly abuse its discretion by granting Olsen only $3,100.00 in attorney fees.

B.    CR 68

Wallis argues we should reverse the award of attorney fees to Olsen, deem Wallis the prevailing party below, and award Wallis attorney fees and costs based on CR 68. CR 68 provides that a defendant may make an offer of judgment at least 10 days before trial. If the plaintiff does not accept the offer and obtains a final judgment that is less favorable than the offer, the plaintiff must pay the costs that the defendant incurs after making the offer. *Merriman v. Cokeley*, 152 Wn. App. 115, 131 n.11, 215 P.3d 241 (2009), *rev'd on other grounds*, 168 Wn.2d 627, 230 P.3d 162 (2010) (per curiam).

The trial court found CR 68 did not apply to this case because this was not a settlement of a lawsuit but an action to enforce a preexisting judgment. Wallis did not cross appeal that ruling, but instead merely asserts in his brief that "[b]ecause Wallis was permitted to submit a CR 68 Offer of Judgment, and did so within a 'reasonable time,'" CR 68 applies. Br. of Resp't at 25. This court will grant a respondent affirmative relief "only (1) if the respondent also seeks review of the decision by the timely filing of a notice of appeal . . . or (2) if demanded by the necessities of the case." RAP 2.4(a); *see also Smoke v. City of Seattle*, 79 Wn. App. 412, 421-22, 902 P.2d 678 (1995) ("A judgment is composed of distinct parts, each requiring a cross-appeal if the respondent, successful on one part, seeks reversal of some other part."), *rev'd on other grounds*, 132 Wn.2d 214, 937 P.2d 186 (1997). Wallis did not cross appeal, and the relief he seeks is not demanded by the necessities of this case. Thus, we affirm the trial court's assessment that CR 68 did not apply

to this case, and we do not reach Wallis's request that we reverse the attorney fees award to Olsen below and award him attorney fees instead.

### III. ATTORNEY FEES ON APPEAL

A.      <u>Fees for Olsen</u>

Olsen seeks, on appeal, attorney fees in addition to what the trial court awarded, arguing, "The attorney[] fees award should be increased to $7,919.25 *plus fees for the appeal*." Br. of Appellant at 30. He repeated this request in his reply brief at the end of the section discussing attorney fees below. There is no separate section of Olsen's brief devoted to appellate attorney fees.

RAP 18.1(b) provides that a party seeking attorney fees on appeal "must devote a section of its opening brief to the request for fees or expenses." "The rule requires more than a bald request for attorney fees on appeal." *Stiles v. Kearney*, 168 Wn. App. 250, 267, 277 P.3d 9 (2012). "Argument and citation to authority" to support the appellate fee request are mandatory. *Phillips Bldg. Co. v. An*, 81 Wn. App. 696, 705, 915 P.2d 1146 (1996). "Mere inclusion of a request for fees and costs in the last line of the conclusion in a brief is not sufficient under RAP 18.1(b)." *Johnson v. Cash Store*, 116 Wn. App. 833, 851, 68 P.3d 1099 (2003).

Olsen's brief contains no separate section devoted to appellate attorney fees, failing to satisfy the requirements of RAP 18.1. In addition to the improper formatting of his request, Olsen does not qualify as a substantially prevailing party on this appeal. Thus, we deny Olsen's request for appellate attorney fees.

B.      Fees for Wallis

Wallis also seeks attorney fees on appeal, and he provides a separate section of his brief addressing the request for fees under the theory that he should be the prevailing party on appeal under RCW 4.84.015, CR 68, and RAP 14.2 and 18.1. A party must cite to authority to advise the court of the appropriate grounds for awarding appellate fees. *Austin v. U.S. Bank of Wash.*, 73 Wn. App. 293, 313, 869 P.2d 404 (1994). A party is permitted to recover reasonable attorney fees on appeal "[i]f applicable law" permits, RAP 18.1(a), "unless the appellate court directs otherwise in its decision terminating review," RAP 14.2.

RCW 4.84.015 does not apply to Wallis because the statute determines when a plaintiff is considered a "prevailing party." *See* RCW 4.84.015(2) (defining "plaintiff"). Wallis is the respondent on appeal, he was the defendant below, and he is not a "plaintiff" under RCW 4.84.015(2). Wallis further relies on CR 68 to support his request for attorney fees and costs, but the trial court found CR 68 not applicable to this case and Wallis did not appeal that decision. Moreover, the attorney fees provision in the 2016 judgment provided only for reasonable attorney fees for Olsen should he need to take legal action to recover rent that Wallis failed to pay, so that cannot be a basis for attorney fees for Wallis on appeal. Thus, we deny Wallis's request for appellate attorney fees.

CONCLUSION

We remand for correction of paragraph 6 of the order on reconsideration to provide that Olsen is obligated to pay Wallis 50 percent of the property taxes actually paid on the property from December 1, 2017 (the first day not covered by the satisfaction of judgment) through 2019 less any penalties and interest owed due to late payment by Wallis. The trial court need not amend any

No. 54779-1-II

other portion of paragraph 6. We otherwise affirm the order on reconsideration as well as the trial court's award of attorney fees. We deny both parties' requests for attorney fees on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Lee, C.J.

Maxa, J.